ROBERT COOK v. THE DETROIT & MILWAUKEE RAILROAD
COMPANY AND JAMES H. MUIR.

*Receiver for insolvent corporation—Demurrer in equity.*

A receiver cannot be appointed *ex parte* in a proceeding by creditors to wind up an insolvent corporation and pending the decision on a demurrer whereby the right to file the bill is put in issue.

A demurrer to a bill admits the complainant's case for the purpose of that issue only, and not for the purpose of establishing a right to relief which the proofs might not sustain if defendant should be allowed to answer after his demurrer is overruled.

Comp. L. § 6565 in providing for the sequestration of corporate property and for the appointment of a receiver does not contemplate that an appointment shall precede an adjudication or the adjudication a hearing on notice.

Appeal from Wayne. Submitted Jan. 19. Decided Jan. 28.

JUDGMENT CREDITOR'S BILL. Defendant appeals. Reversed.

*Alfred Russell* for complainant.

*Theodore Romeyn* for defendant.

COOLEY, J. This is a judgment creditor's bill. James H. Muir is made defendant as having in his possession the books and papers of the company as its secretary. The bill alleges a judgment in favor of complainant, and the return of execution thereon *nulla bona,* and the allegations of the bill are supposed by complainant to be sufficient for a bill under chapter 206 of the Compiled Laws of 1871 which makes provisions for the winding up in chancery of insolvent corporations on the petition of creditors.

The defendants demurred to the bill, and while the demurrers were undisposed of, the court, on an *ex parte* application, made an order whereby it "ordered, adjudged and decreed, that the stock, property, things in action and effects of the said Detroit & Milwaukee Railroad Company be and the same are hereby sequestered;" that Henry F. Brownson

be appointed receiver thereof; "that the said receiver shall possess all the powers and authority conferred, and be subject to all the obligations and duties imposed upon receivers in and by chapter 206 of Comp. Laws of 1871, touching proceedings against corporations in chancery; that the directors, clerks, attorneys and other agents and servants of the said company, and each and every of them, disclose and deliver over to the said receiver on demand, all the moneys, property and effects of the said company in their possession or within their power or under their control, or in the possesion, within the power, or under the control of any or either of them, or in which the said company have any interest, including all real property and the title deeds thereof, and all books, papers and memoranda, and all evidence of or security for any debts or claims due, owing or belonging to the said company, or in which the said company have any interest; and that the said Detroit & Milwaukee Railroad Company and James H. Muir, secretary of the said company, forthwith assign, transfer and deliver possession of all the said stock-ledgers, books of account, papers and writings of every description, and property, personal and real, belonging to the said Detroit & Milwaukee Railroad Company, to the said receiver, within five days after demand by him and service by him of a certified copy of this order upon C. C. Trowbridge, president of the said corporation, and upon the said James H. Muir, secretary thereof."

From this order the defendants appeal.

The circuit judge seems to have assumed that there could be no answer to the *prima facie* case made by the complainant's bill, and that the appointment of a receiver was a matter of course. He therefore not only appointed one without giving defendants an opportunity to be heard, but he decreed a sequestration of the Railroad Company's property. And this was done while an issue which involved the right to file the bill was pending and not disposed of. Surely this was erroneous. The judge could not know in that stage of the case that complainant had any equities whatever.

It is said that the demurrer admitted complainant's case. But this was so for the purposes of that issue only. If the demurrers had been overruled, the defendants would have been given leave to answer, and the Court is not at liberty to assume, without hearing them, that they could not disprove complainant's case. The statute (Comp. L. § 6565) says that the court "may sequestrate the stock, property, things in action, and effects of such corporation, and may appoint a receiver of the same;" but it does not intend that the condemnation shall precede an adjudication, or the adjudication precede a hearing.

The order appealed from must be reversed with costs and the record remanded.

The other Justices concurred.