HOWE & CO. ET AL. v. JONES ET AL.

1. **Practice on Procedendo**: ENTERING JUDGMENT OF SUPREME COURT: NOTICE: CHANGE OF VENUE. Where in a cause on *procedendo* the judge was charged simply with the duty of rendering a judgment against a receiver, the amount of the judgment being fixed by the decision of this court and the receiver's report, which was a part of the record, *held* that, as there was nothing to try, and nothing left to the discretion of the judge, the receiver could not complain because the case was docketed and disposed of, without notice to him, after it had been announced that no civil causes would be tried at that term, nor because the judge who entered the judgment had been of counsel in the case, and did not order a change of venue.

2. **Interest**: ON MONEY WITHHELD AFTER TITLE ADJUDICATED. Where the holder of a fund refuses to pay it after the title thereto has been adjudicated, he must pay interest from the date of such adjudication.

*Appeal from Marshall District Court.*

MONDAY, MARCH 7.

THE court below entered an order requiring Boardman, the receiver, to pay to the clerk of the district court $555.39, and $136.09 interest thereon, which he held as a reciever in this case, and also directing the clerk to pay this money to Caswell and Meeker, intervenors. From this order Boardman, the receiver, appeals.

*H. E. J. Boardman*, appellant, *pro se.*

*Caswell & Meeker*, appellees, *pro se.*

BECK, J.—I. This is the fourth time this case has been in this court. See 57 Iowa, 130; 60 Id., 70; 66 Id., 156; Its history, and the facts and questions of law involved in it, may be learned from the several decisions of this court referred to, as well as from the records before us. In the last appeal we held that (1) the court below erroneously allowed the receiver certain credits, and thereupon the cause was reversed and remanded to the district court for further proceedings, where an order was made for the payment of the

money in the receiver's hands, with interest, to the clerk, and by him to be paid to the intervenors. The questions of fact and law upon which this order was based had been settled by the prior decisions of this court, and by the reports of the receiver. The court below had nothing to do but to ascertain therefrom the amount of money in the receiver's hands, and enter the order accordingly, which was correctly done.

II. The receiver complains that the order was made after an announcement that no civil cases would be tried during the term, and that it was made on the last day of the term, without the case being on the docket, and without trial, and without giving the receiver time to examine papers and pleadings, and to make issues. He also complains that the court below did not order a change of venue for the reason that the judge had been of counsel in the cause. All of these complaints are readily disposed of upon the following consideration: The matter, so far as the receiver is concerned, was not a case for issue and trial usual in actions. The court was called upon to enforce the performance of duty by one of its officers, by requiring him to pay over money in his hands; his liability therefor having been determined by prior adjudications, and the amount thereof fixed in the same manner and by his own reports. There was nothing for trial, for there was no disputed question of fact or law under these adjudications. The court below was left with no discretion. The judge was charged simply with the duty to render the order; the amount of money to be paid being fixed by the decision of this court and the receiver's reports. In this state of facts, the receiver could have suffered no prejudice from the matters he complains of. If it be admitted that the judge had been of counsel in the case, (but it is not shown that he appeared for intervenors,) as his duty was prescribed in the manner we have pointed out, the receiver could have suffered no prejudice from his acting in the case.

*1. PRACTICE on procedendo: entering judgment of supreme court: notice: change of venue.*

III. The receiver complains that interest was allowed by

the order of the court below upon the money he was ordered to

**2. INTEREST: on money withheld after title adjudicated.** pay over. It was determined by the prior adjudication that the intervenors were entitled to this money. Since that adjudication he has retained the money, and resisted all efforts to obtain it by the intervenors. In law and in good conscience he ought to pay interest from the time the intervenors established their right to the money, and no more was allowed by the order of the court.

It becomes unnecessary to consider the motion made by the intervenors to dismiss the appeal. The judgment of the district court is

AFFIRMED.