No. 16,660.

## THE CHICAGO AND SOUTHEASTERN RAILWAY COMPANY ET AL. *v.* CASON ET AL.

| 133 | 49 |
| 151 | 329 |
| 133 | 49 |
| 168 | 489 |
| 168 | 527 |

RECEIVER.—*Appointment Ex Parte.*—*When Justifiable.*—*Sufficiency of Complaint.*—A court is not justified in appointing a receiver *ex parte*, when the complaint does not show that the property or any part of the same is about to be wasted, misappropriated or removed beyond the jurisdiction of the court, and that delay in granting the relief might entirely defeat the object of the suit.

From the Boone Circuit Court.

*W. R. Crawford* and *Henry Crawford*, for appellants.

*H. C. Wills* and *T. J. Terhune*, for appellees.

MILLER, C. J.—This is an appeal from an order appointing a receiver of the appellants' road and appurtenances.

The complaint was filed on the 18th day of June, 1892, and a summons issued returnable at the September term of court. Immediately upon the filing of the complaint and supporting affidavits, without notice to or appearance by the appellants, the court appointed a receiver and directed him to take possession of the appellants' road, with all its equipments, machinery, supplies and assets, and proceed to operate the road under the order and direction of the court.

The receiver being present immediately filed his bond in the penal sum of fifty thousand dollars, and subscribed an oath indorsed thereon for the faithful discharge of the duties of his trust.

Afterwards, on the 21st day of July, the appellants appeared in court, and prayed an appeal to this court from the order appointing such receiver. The judge took this motion under advisement, and subsequently adjourned court for the term, without ruling upon the motion.

VOL. 133.—4.

Afterwards, but within ten days, a transcript was filed in this court, and an appeal allowed and bond approved by this court.

The validity of the order appointing a receiver without notice to or appearance by the appellants is the only question involved in the appeal.

The complaint charges that the plaintiffs in the action are creditors, holding unsatisfied judgments rendered before justices of the peace and in the Boone Circuit Court; and, also, certain claims for unpaid taxes in Boone county; that executions have been issued, and the rolling stock of the company has been levied upon, so as to disable it from operating the road.

That the appellant, the Chicago & Southeastern Railway Company, and its predecessor, the Midland Railway Company, are both insolvent.

It is also averred that there are large quantities of stock along the line of the road under contract for immediate shipment, and that if trains are not put to running on the road at once great damage will accrue both to the dealers in stock and to citizens along the line of the road.

That there are immense quantities of wheat and rye cut and in the shock, which will be threshed within the next ten days, and which should and would be shipped to market over the road, if the same was in operation, and which can not be got to market over any other line without great inconvenience and loss, both to the dealers and farmers and to the railway company. That, owing to these facts, there is an emergency for the immediate appointment of a receiver without notice to the defendant.

The prayer is that the franchises of the corporation be declared forfeited and a receiver appointed, without notice to the defendant, to take possession of the property and operate the road under the order of the court during the pendency of the action.

In our opinion the showing made for the appointment

of a receiver, without notice to the defendants, comes far short of that required by statute and the usages of courts of equity.

The complaint does not attempt to make a case grounded upon fraud, or show that the property, or any part of the same, is about to be wasted, misappropriated or removed beyond the jurisdiction of the court. It is apparent that no great loss or damage was likely to be caused the appellees, during the lapse of time necessary to give notice to a corporation owning and operating a line of road into and through the county in which the suit was instituted. A court is not justified in appointing a receiver *ex parte,* unless there is immediate danger to the property, unless it is taken into the custody of the court, and where delay in granting the relief might entirely defeat the object sought. High on Receivers, sections 105, 106.

We have so recently examined the questions involved in this case that we deem it unnecessary to extend this opinion by their re-examination. *Wabash Railway Company* v. *Dykeman,* 133 Ind. 56.

Upon the authority of that case, the judgment is reversed, with costs.

Filed December 14, 1892.