## PYEATT v. PRUDENTIAL INS. CO. *et al.*

### No. 2590.   Opinion Filed April 15, 1913.

#### (131 Pac. 914.)

1. **RECEIVERS—Appointment—Jurisdiction.** Under Comp. Laws 1909, sec. 5772 (Rev. Laws 1910, sec. 4979), the district judge at chambers is vested with jurisdiction to appoint a receiver in a cause pending in another county within his district.

2. **SAME—Notice—Necessity.** Where the petition for the appointment of a receiver fails to state facts sufficient to show that the delay which would result in giving notice of the application to the adverse party would defeat petitioner's rights or result in injury to him, it is error for the court to appoint a receiver without notice.

·(Syllabus by the Court.)

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action by Alvin F. Pyeatt, guardian of five minors by the name of Cash, against the Prudential Insurance Company and others. A receiver was appointed, a motion to vacate such appointment denied, and plaintiff brings error. Reversed, with directions.

*Rennie, Hocker & Moore,* for plaintiff in error.
*Wm. H. McNeal* and *C. M. Oakes,* for defendants in error.

TURNER, J. On February 13, 1911, Alvin F. Pyeatt, as guardian of five certain minor children named Cash, plaintiff in error, sued Jennie C. Estus, A. L. McDonald, the Prudential Life Insurance Company of Newark, N. J., T. H. Vaughn, A. P. Cash, and the Deming Investment Company, in the district court of Garvin county. The petition, after alleging Pyeatt to be their present, and defendant A. P. Cash to be their former guardian, substantially states that on January 20, 1910, said minors were each the owner of an undivided one-fifth interest in certain lands (describing them)

inherited from their mother Alice Cash, a duly enrolled citizen of the Choctaw Nation of three-fourths blood; that on said day said Cash as guardian aforesaid petitioned the county court of Garvin county for the sale of all said land for certain reasons therein set forth; that on February 18, 1910, the court entered a decree as prayed, pursuant to which said Cash undertook to sell said land to defendant A. L. McDonald for $28,000 cash, and reported said sale to said court, where the same was later confirmed; that thereafter said Cash, pursuant thereto, executed to said McDonald deeds of conveyance thereto purporting to convey him all the right, title, and interest of said minors therein; that on the same day said McDonald executed to the defendant Jennie C. Estus warranty deeds purporting to convey to her in fee simple all of his title to said land, which said deeds were placed in escrow pending the payment to said Cash, as guardian, said sum of $28,000; that long prior to the execution of said deeds from Cash to McDonald and from McDonald to Estus she executed a mortgage thereon to the defendant Prudential Life Insurance Company for $15,000, and, at the same time, another for $1,500 to the Deming Investment Company, all of which were thereafter duly recorded; that said court was without jurisdiction to order a sale of said land for certain reasons therein set forth; that the same were fraudulent and void for certain other reasons stated, and prayed that the same be canceled, together with certain other mortgages executed and delivered by the said Estus to the Deming Investment Company and defendant Vaughn as commission on the deal. After service of summons, in chambers at Norman in Cleveland county, on March 18, 1911, came said Prudential Insurance Company and presented its petition in said cause to R. McMillan, a judge of said court, and thus made known to the court in substance that theretofore, on August 25, 1910, for the valuable consideration of $15,000 paid by it to said Estus, she and her husband made, executed, and delivered

to this defendant their promissory note payable in five years thereafter to this defendant and secured the same by a mortgage on said lands; that the same was duly filed for record and thereby became a first lien on said land and an equity therein to the extent of said sum; that thereafter plaintiff's petition was filed alleging said mortgage to be illegal and void and its lien of no force and effect and praying that the same be canceled; that after receiving said $15,000 said Jennie C. Estus passed the same to the defendant A. L. McDonald, who deposited the same in the First National Bank of Maysville to the credit of defendant A. P. Cash, who was then guardian of the minor plaintiffs; that petitioner made said payment in good faith and claims to be an innocent purchaser for value to the extent of the interest conveyed by said mortgage; that about January 1st said Cash, then guardian, purchased from the defendant T. H. Vaughn out of the proceeds of said $15,000 two certain promissory notes for $1,919, each of which are now under his control in his personal capacity; that about that time said Cash was discharged as guardian aforesaid and the plaintiff Pyeatt appointed his successor, whereupon said Cash paid over to him about $8,000, a part of said $15,000, as belonging to said minors, leaving in said bank the sum of $150 only, and charges that the difference has been expended between them and no part of said $15,000 has been tendered back to the petitioner. The petition further states that, in the event the court should find plaintiff entitled to recover and cancels said deeds and mortgages, petitioner would be entitled to a return of the $15,000, which, it charges, Cash and Pyeatt, guardian, are threatening to dissipate, transfer, and place beyond the jurisdiction of the court and will do so to its irreparable injury; and prays that a receiver be appointed to take charge of said $15,000 or its proceeds in the hands of either of the parties or both of them.

This petition was verified by the affidavit of attorney for

the petitioner to that fact and that petitioner is a nonresident of the state and was absent therefrom; that he knew the contents of the petition and that the facts therein set forth were within his personal knowledge and true to the best of his knowledge and belief. The record further discloses that on the same day in acting thereupon without notice the court found the allegations of the petition to be true and appointed a receiver as prayed. On March 22, 1911, after notice, said Pyeatt, as guardian, filed in said cause his motion to vacate the order appointing the receiver, which was overruled. The order follows:

"This cause coming on to be heard on the 1st day of May, 1911, on plaintiff's motion to vacate the appointment of the receiver, the hearing on said motion having on the 22d day of March, 1911, been continued from Norman, Okla., to this place and for this date, the court finds that said appointment was made without notice of the application having been given the plaintiff, and made on the face of the application, without further evidence being offered, and the court being now fully advised in the premises doth hereby refuse to vacate the appointment of the receiver made at the city of Norman, in the county of Cleveland, in the state of Oklahoma, on the 18th day of March, 1911, and overrules said motion, and reaffirms his appointment made at said time."

Plaintiff brings the case here. Insisting on the grounds set forth in his motion, he assigns:

"First. The judge of the district court erred in taking jurisdiction, while absent from the county of Garvin, where the action was pending, of the application for appointment of a receiver. Second. The judge of the district court erred in granting the application for the appointment of a receiver and in making the appointment of a receiver without notice to the plaintiff in error. Third. The court erred in overruling motion of plaintiff in error to vacate the appointment of the receiver, and in refusing to vacate the order of appointment."

Precisely stated, the first contention is that, in the absence of the district judge from Garvin county, the county

judge of that county alone had jurisdiction to appoint this receiver. Not so. Comp. Laws 1909 (Rev. Laws 1910, sec. 4979) reads:

"Sec. 5772. A receiver may be appointed by the Supreme Court, the district court, or any judge of either, or in the absence of said judges from the county, by the probate judge"—in certain cases, naming them.

This authority being conferred upon the district judge, in contradistinction to the district court, means such a judge in chambers, which may be held at any place in his district. It is evident, by insisting, as he does, that "in the absence of said judge from the county" means the county where this suit is pending at the time this receiver was appointed, or Garvin county, plaintiff is in error. This for the reason that the statute not only fails so to state, but, on the other hand, means the county where the application is sought to be made, situate within the confines of the district of the judge to whom the same is made. As the county where this petition was presented and the order made was within those confines, the judge who made it was vested with jurisdiction so to do. See *Wenner v. Board of Eudcation, etc.,* 25 Okla. 515, 106 Pac. 821; *Thompson et al. v. Cooksey et al.,* 25 Okla. 741, 108 Pac. 398; *Bash et al. v. Howald,* 27 Okla. 462, 112 Pac. 1125; *Delaware Co. ex rel. v. Hogan,* 33 Okla. 791, 127 Pac. 492.

But the court erred in appointing the receiver without notice. While our statute nowhere requires such notice to be given, the settled practice in chancery does, and its omission was fatal to the appointment, which should have been set aside on motion.

Alderson on Receivers, sec. 121 *et seq.,* announces the rule in the following language:

"There is no principle of the law of receiverships of greater wisdom and more firmly established than that requiring notice to be given to the defendant of the application for the appointment of a receiver to wrest from him the possession of his property."

In Smith on Receiverships, p. 14 *et seq.*, it is said:

"The court will not appoint a receiver until the defendant, or party in possession of the property, has been heard, or has had an opportunity to be heard in response to the application. It is a well-established principle in equity jurisprudence that the court will not encourage *ex parte* proceedings, and a departure from this principle requires a state of facts showing the greatest emergency."

At page 16 the author lays down four exceptions to the rule requiring notice, which are as follows:

"(1) Where the appointment of a receiver is prayed for as a measure of final relief; (2) where all the parties are before the court consenting to the appointment, or at least before the court in person or by attorney; (3) where the defendants or parties in interest have absconded, or are beyond the jurisdiction of the court, or cannot be found; (4) where there is imminent danger of loss, or great damage or irreparable injury or the gravest emergency."

The Supreme Court of Wisconsin, in *Davelaar v. Blue Mound Inv. Co.*, 110 Wis. 476, 86 N. W. 187, says:

"The third ground of complaint is that the receiver was appointed without notice to the corporation, and no grounds are stated in the petition to justify such procedure without notice. The statute does not require notice. It permits procedure by petition or action. Whichever plan is adopted, the proceeding is in equity, and is governed by the rules and principles applicable to that branch of jurisprudence. High, Rec. par. 11, states the rule regarding notice as follows: 'Courts of equity are exceedingly averse to the exercise of their extraordinary jurisdiction by the appointment of receivers upon *ex parte* applications, and this practice is never tolerated except in cases of the gravest emergency, demanding the interference of the court to prevent irreparable injury. * * * Even in exceptional cases of great emergency, where the relief is demanded for the prevention of irremediable injury, the courts are extremely averse to interference *ex parte,* and will ordinarily entertain the application only after notice to the defendant, or after a rule to show cause.' At section 112 he further states that the rule of requiring notice would seem to be not a matter of discretion, but an inflexible one, which the courts are not at liberty to disregard. At section 113

he says: 'To warrant a court in entertaining an application for a receiver without notice, it must be clearly shown that the delay which would result from giving notice would defeat the rights of plaintiff, or would result in great injury to him. And when the relief is sought upon an *ex parte* application, upon the grounds of extreme necessity, the particular facts and circumstances rendering summary proceedings necessary should be set forth in the application; and a mere statement of opinion as to such necessity, even though made under oath, will not justify a departure from the established rule requiring notice of the appointment.' See section 115. This rule is so well supported by authorities, and is so much in harmony with correct principles, that an extended discussion is not necessary. The proceeding is drastic. It takes away from the corporation all control of its property, and puts it in the hands of a stranger. Its right to do business ceases, and thereafter its affairs are to be administered and closed up under the direction of the court. Cases can well be imagined where great interests might be sacrificed by a proceeding without notice. Unless the emergency is so great and the loss to the applicant so imminent as to warrant procedure without notice, within the rule before stated, the court ought always to require notice to be given. No emergency existed in this case and no reason is stated why notice should not have been given. It is not enough to say that the facts stated show that plaintiff would be entitled to such appointment upon notice, and that after a review of the situation the trial court has decided to allow the appointment to stand. Upon the petition presented, the plaintiff was not entitled to the relief sought except upon notice. That he failed to give, and the order appointing the receiver was improvidently made, and should have been set aside."

The same doctrine is reaffirmed in *Thompson et al. v. Tower Manufacturing Co.,* 87 Ala. 733, 6 South. 928, by the Supreme Court of Alabama, in the following language:

"It should be a strong case of emergency and peril, well fortified by affidavits, to authorize the appointment of a receiver without notice to the other party. *Hughes v. Hatchett,* 55 Ala. 631; *Iron Works Co. v. Foster,* 54 Ala. 622."

Cook on Corporations (4th Ed.) p. 2016, says:

"In regard to procedure in appointing a receiver, the rules for the most part are very flexible, but it requires an extraordinary case to justify a court in appointing a receiver without notice to the corporation and the opportunity to it to be heard."

See, also, Elliott on Railroads, sec. 556; 34 Cyc. 117; *Verplanck v. Merc., etc., Co.,* 2 Paige (N. Y.) 438; *Moritz et al. v. Miller et al.,* 87 Ala. 331, 6 South. 269; *Little Warrior Coal Co. v. Hooper,* 105 Ala. 665, 17 South. 118; *Bank of Florence v. U. S. Mfg., etc., Co.,* 104 Ala. 297, 16 South. 110; *Wabash Ry. Co. v. Dykeman,* 133 Ind. 56, 32 N. E. 823; *Chicago, etc., Ry. Co. v. Cason,* 133 Ind. 49, 32 N. E. 827; *Ruffner v. Mairs et al.,* 33 W. Va. 655, 11 S. E. 5; *Fredenheim et al. v. Rohr et al.,* 87 Va. 764, 13 S. E. 193, 266; *Bristow v. Home Bldg. Co.,* 91 Va. 18, 20 S. E. 946, 947; *Blondheim v. Moore,* 11 Md. 365; *Merriam v. St. Louis, etc., Ry. Co.,* 136 Mo. 145, 36 S. W. 635; *Cook v. Detroit, etc., Ry. Co.,* 45 Mich. 453, 8 N. W. 74; *Turnbull v. Prentice Lmr. Co.,* 55 Mich. 387, 21 N. W. 378; *Barry v. Bridges,* 22 Mich. 201; *Arnold v. Bright et al.,* 41 Mich. 207, 2 N. W. 16; *Howe v. Jones,* 71 Iowa, 92, 32 N. W. 187; *Whitney v. Hanover Nat'l Bk.,* 71 Miss. 1009, 15 South. 33, 23 L. R. A. 531; *Cleveland, etc., Ry. Co. v. Jewett,* 37 Ohio St. 649; *Webb v. Allen,* 15 Tex. Civ. App. 605, 40 S. W. 342; *State ex rel. Thornton v. Second Judicial Dist. Ct.,* 20 Mont. 284, 50 Pac. 854; *Grandin v. La Barr,* 2 N. D. 206, 50 N. W. 151; *North American Land, etc., Co. v. Watkins,* 109 Fed. 106, 48 C. C. A. 254; *Larsen v. Winder,* 14 Wash. 109, 44 Pac. 123, 53 Am. St. Rep. 864; and *Mestier et al. v. Chevallier, etc., Co.,* 51 La. Ann. 142, 24 South. 799.

As the petition does not undertake to state facts sufficient to show, nor does it charge, that the delay which would result from giving notice would defeat the rights of petitioner or result in injury to him, the court erred in ap-

pointing the receiver without notice and in refusing to vacate the appointment on motion.

Reversed, with directions so to do.

All the Justices concur.