## RASHAW v. STRAUS CO. et al.

No. 14340—Opinion Filed Dec. 11, 1923.

1. **Fraudulent Conveyances — Noncompliance with Bulk Sales Law—Remedy by Attachment.**

Any purchaser, transferee, or mortgagee who shall not conform to the provisions of chapter 37, art. 2, Comp. Stat. 1921, shall be liable to the creditors of such transferrers, mortgagors, or pledgors in garnishment, and such stock so transferred, mortgaged, or pledged shall be subject to attachment.

2. **Receivers — Appointment—Necessity for Notice.**

Where the petition for the appointment of a receiver fails to state facts sufficient to show that the delay which would result in giving notice of the application to the adverse party would defeat petitioner's rights or result in injury to him, it is error for the court to appoint a receiver without notice.

(Syllabus by Pinkham, C.)

Commssioners' Opinion, Division No. 5.

Error from District Court, Craig County; A. C. Brewster, Judge.

Action by the Straus Company against D. L. Rashaw and others. From refusal to vacate appointment of receiver, the defendant named brings error. Reversed.

Leopold & Brett and C. Caldwell, for plaintiff in error.

E. M. Fowler and J. W. Bashore, for defendants in error.

Opinion by PINKHAM, C. This case presents error from the district court of Craig county. The defendant in error the Straus Company, a corporation, plaintiff below, on the 5th day of May, 1923, sued F. R. Rashaw and R. C. King, doing business under the name of Rashaw & King Harness Company, and the plaintiff in error, D. L. Rashaw, doing business under the name of Muskogee Harness Company, on an account which the plaintiff, the Straus Company, alleged was owing it by the said Rashaw & King Harness Company, and on the 7th day of May, 1923, obtained an order at chambers from the judge of the district court of Craig county appointing a receiver of the stock of harness business of the defendant, D. L. Rashaw.

The parties will be referred to as they appeared in the trial court.

The petition of the plaintiff, the Straus Company, alleged in substance that F. R. Rashaw and R. C. King were engaged in the harness business at Vinita, and bought merchandise of the plaintiff on an account. That thereafter, on or about the 1st day of September, 1923, they divided their stock of goods, F. R. Rashaw taking his part to Muskogee and R. C. King keeping his part at Vinita and continuing in business there. That this was done without notice and was contrary to the bulk sales law.

That thereafter, and about the 1st day of March, 1923, said F. R. Rashaw sold his part of said stock of goods to D. L. Rashaw without notice to creditors, and that said sale was contrary to the bulk sales law.

Plaintiff further alleged that a judgment against F. R. Rashaw was uncollectable.

On the 8th day of May, 1923, the defendant R. C. King filed his answer and cross-petition, alleging, in substance, that on or about the 1st day of May, 1922, he formed a copartnership with the defendant F. R. Rashaw, and did business as the Rashaw-King Harness Company. That on or about the first day of September, 1923, the said partnership was by mutual consent dissolved, and the merchandise belonging to said copartnership was divided between the said partners; that he remained in business in Vinita, and the defendant F. R. Rashaw remover his portion of the goods to Muskogee.

That the said F. R. Rashaw handled the books of said partnership and represented to him that there were more than sufficient secured notes and accounts due and payable to said firm to liquidate all of its indebtedness; that the said F. R. Rashaw well knew at the time of the dissolution of the said partnership that the total indebtedness of said copartnership exceeded the sum of $1,100, and that the notes and accounts did not exceed the sum of $325, and that said notes and accounts were not collectable, but that the larger per cent. of the same were worthless, and that the said F. R. Rashaw, with the intention of deceiving and defrauding him, withheld such information from this defendant, and by such misrepresentations and by the actual fraud in withholding the truth and condition of said copartnership secured the consent of this defendant to a division of said property.

That after the dissolution of said copartnership the said F. R. Rashaw removed his portion of the goods to Muskogee, and during the month of March, 1923, sold and conveyed said merchandise to the defendant D. L. Rashaw; that said transfer was made for the purpose of defrauding this defendant and the other creditors of the said F. R. Rashaw; that said transfer was made in violation of the bulk sales law of this state, and is void as to this defendant and to the other creditors of said copartnership.

"Wherefore, this defendant prays the court for an order of the court appointing a receiver to take charge of the assets of the said Rashaw-King Harness Company, of the Muskogee Harness Company, purporting to belong to D. L. Rashaw, of the assets of King Harness & Shoe Shop; that said receiver to be authorized to continue the said King Harness & Shoe Shop, and the said Muskogee Harness Company in operation if the said receiver should deem the same to be wise; to buy new merchandise, make up and to carry on the burden of the said Muskogee Harness Company and the said King Harness & Shoe Shop; to hire help and contract such other bills as are necessary for the carrying on of said business."

This defendant prays in his answer and cross-petition, further, that he have an order of the court declaring the transfer of the said stock of merchandise owned by the said F. R. Rashaw under the name of the Muskogee Harness Company to the said D. L. Rashaw, to be void and in fraud of this defendant and the creditors of the said copartnership.

The order appointing a receiver was made on the 7th day of May, 1923, which order recites, among other things, that:

"This cause comes on to be heard upon the petition of the plaintiff filed herein, and the cross-petition of the defendant R. C. King, filed herein, for the appointment of a receiver to take over the assets of the Rashaw-King Harness Company, of the Muskogee Harness Company, and of the King Harness & Shoe Shop."

The said order further recites that the said F. R. Rashaw, one of the copartnerships, has attempted to transfer, in violation of the statutes of this state, a portion of the assets of the said copartnership to his son, D. L. Rashaw; that said transfer was made for the purpose of delaying and defrauding the creditors of the said copartnership; and further recited that:

"It is further ordered, that the said F. R. Rashaw and the said D. L. Rashaw, upon presentation of an attested copy of this order, shall deliver possession of all of the assets in their hands belonging to the said Rashaw-King Harness Company, or to the said F. R. Rashaw as a partner of the said Rashaw-King Harness Company, or belonging to the Muskogee Harness Company, or belonging to D. L. Rashaw as proprietor of the said Muskogee Harness Company."

On the 9th day of May, 1923, the defendant D. L. Rashaw filed a motion to vacate and set aside appointment of receiver as to him, which motion is as follows:

"Comes now D. L. Rashaw, doing business under the name of the Muskogee Harness Company and moves the court to set aside and vacate the appointment of receiver in this action in so far as it affects him and the Muskogee Harness Company of which he is the sole proprietor and for grounds therefor says:

"The petition in this case does not state sufficient facts to warrant or justify the appointment of receiver of his property and as to this defendant, and the cross-petition of the defendant King was not filed at the time of the making of the order appointing receiver and not until the day afterwards, does not state sufficient facts as against him, and is not verified.

"No notice was given to him before the appointment of the said receiver, and he was not given an opportunity to be heard and sufficient facts were not plead or sworn by affidavit to justify or warrant the appointment of receiver without notice.

"Wherefore, he prays the court to make an order setting aside the appointment of receiver in this case in so far as it affects this defendant, and that the said order appointing said receiver be vacated in so far as it affects him."

Notice was given in open court by the defendant D. L. Rashaw of his intention to appeal to the Supreme Court from said order and judgment denying said motion, which motion was by the court ordered made of record on the journals of the court.

The defendant D. L. Rashaw, upon the execution and approval of an appeal bond, was given six days to file a bill of exceptions, and the cause comes regularly on to be considered by this court.

Counsel for plaintiff in error set forth a number of assignments of error and discuss them under the following propositions:

First, the questions presented by this appeal are the insufficiency of the pleadings for the appointment of a receiver of the property of D. L. Rashaw; second, the error in appointing a receiver of D. L. Rashaw's property without notice to him; third, the refusal of the court to vacate the order appointing a receiver for the property of D. L. Rashaw.

The petition of the plaintiff, the Straus Company, alleges that F. R. Rashaw and R. C. King divided their stock of goods about February 1, 1923, F. R. Rashaw taking his part to Muskogee and King keeping his part at Vinita and continuing in business there. That this division of their stock was done without notice and was contrary to the bulk sales law. That thereafter, about the first day of March, 1923, F. R. Rashaw sold his part of said stock of goods to D. L. Rashaw without notice to creditors, and that said sale was contrary to the bulk sales law. The petition further alleges that a judgment against F. R. Rashaw is uncollectable, but no allegation is made as to D. L. Rashaw.

If the defendant D. L. Rashaw, in purchasing the stock of goods from F. R. Rashaw, violated the bulk sales law, the remedy is prescribed in the statute, section 6030, Comp. Stat. 1921:

"Any purchaser, transferee, or mortgagee who shall not conform to the provisions of this act shall be liable to the creditors of such transferrers, mortgagors or pledgors in garnishment, and such stock so transferred, mortgaged or pledged shall be subject to attachment."

This statute allows goods so purchased to be attached and held liable for the debts just as they were in the hands of the debtor.

The order appointing the receiver was issued on the 7th day of May, 1923. The record discloses that the answer of the said

King was filed on the 8th day of May, 1923. This answer and cross-petition praying for the appointment of a receiver to take charge of the assets of the said Rashaw-King Harness Company, of the Muskogee Harness Company, purporting to belong to D. L. Rashaw and of the assets of the King Harness & Shoe Shop was not verified.

"Regularly a motion for a receiver should be founded upon affidavits, or, as in the practice of some states, on a bill sworn to by the complainant or by someone cognizant of the facts stated." 34 Cyc. 114.

It is stated in 17 Ency. Pleading and Practice, 736, that:

"A petition for a receiver should be verified by affidavit and both the petition and the verifying affidavit must be positive, as must also other affidavits filed in support of or in opposition to the application."

The answer and cross-petition of the defendant King we do not think stated a cause of action against the defendant D. L. Rashaw.

The record discloses that a receiver for the property of the defendant D. L. Rashaw was appointed without notice to him and that no testimony was taken before said appointment was made.

In the case of Pyeatt v. Prudential Ins. Co., 38 Okla. 15, 131 Pac. 914, it is said:

"But the court erred in appointing the receiver without notice. While our statute nowhere requires such notice to be given, the settled practice of chancery does, and its omission was fatal to the appointment, which should have been set aside on motion."

In the opinion, the court quotes with approval the rule announced in Alderson on Receivers, sec. 121, et seq.:

"There is no principle of the law of receiverships of greater wisdom and more firmly established than that requiring notice to be given to the defendant of the application for the appointment of a receiver to wrest from him the possession of his property."

In 23 R. C. L. 38, it is said:

"Courts of equity are averse to interference ex parte and will not ordinarily entertain an application for the appointment of a receiver except upon notice to the adverse party. Such a court has no more power than any other court to condemn a man unheard, and to dispossess him of property prima facie his, and hand over its enjoyment to another on an ex parte claim to it. It should, therefore, exercise extreme caution in the appointment of receivers on ex parte

applications, and be careful that a proper case is presented before it acts; and it should not be done without notice to the party whose property is to be affected, except in cases of the greatest emergency demanding the immediate interference of the court."

It was said in Rees v. Andrews, 169 Mo. 177, 69 S. W. 4:

"All the cases concur in holding that before such an order is made the persons to be affected must have notice and an opportunity to be heard, and the only exceptions to this rule are, first, where the defendants are nonresidents or conceal themselves to prevent service of notice, and, second, where irreparable injury will probably ensue if the property is not brought into court at once before notice can be served."

In Jacksonville Ferry Co. v. Stockton, 40 Fla. 141, 23 South. 557, the rule does not, it is said—

"authorize the court to act upon complainant's mere belief, or fears, or legal conclusions that notice would accelerate the injury sought to be averted by the appointment of a receiver, but requires the bill or accompanying affidavits to disclose the facts tending to produce such belief, or to establish such a conclusion."

"It should be a strong case of emergency and peril well fortified by affidavits to authorize the appointment of a receiver without notice to the other party." (Thompson v. Tower Mfg. Co., 87 Ala. 733.)

This appeal is only from the order appointing the receiver for the property of D. L. Rashaw.

Unless the emergency is so great and the loss to the applicant so imminent as to warrant procedure without notice, within the rule announced by the authorities above referred to, notice for the appointment of a receiver ought always to be given before the appointment is made. A careful examination of the application by the plaintiff, the Straus Company, fails to show the existence of an emergency. The defendant D. L. Rashaw was not a nonresident; it is not contended that he was about to remove the goods involved beyond the jurisdiction of the court; and he was entitled to be heard before a receiver was appointed to take charge of his business.

We think from an examination of the whole record that the order appointing a receiver for the property of the plaintiff in error, no notice of the application being given him, was improvidently made, and should have been set aside upon the plaintiff in error's motion. The plaintiff had a plain and

adequate remedy at law, provided by the statute.

For the reasons stated, we think the court erred in appointing a receiver for the property of the plaintiff in error, D. L. Rashaw, without notice, and in refusing to vacate the appointment on motion. Reversed, with instructions to do so.

By the Court: It is so ordered.