## OKLAHOMA COTTON GROWERS ASS'N et al. v. WHITENER et al.

No. 21326. Opinion Filed March 8, 1932.

Burford, Miley, Hoffman & Burford, for plaintiffs in error.

Wm. M. Williams, and Welty, Harrison & LaFon, for defendant in error.

HEFNER, J. This is an appeal by the Oklahoma Cotton Growers Association, a corporation, from an order of the district court of Oklahoma county, denying its motion to vacate an order of that court appointing a receiver of its property. On April 25, 1930, on the application of W. R. Whitener and numerous other members of the association, as plaintiff, R. H. Wilson was appointed temporary receiver of defendant association and was directed to immediately take into his possession and under his control all its property and assets. The order further provided that a hearing be had on the 2nd day of May, 1930, at 9 a. m., to determine whether the appointment should be made permanent. On April 26, 1930. the order of appointment was modified by limiting the authority of the receiver to the possession and control of the books and records of defendants and directed that he exercise no other authority or control over the business or property of defendants, and specifically provided that the officers of the association be authorized to conduct the business thereof to the same extent and in the same manner as if no receiver had been appointed. The receiver was appointed without notice to defendant, and on May 2nd, the date fixed by the original order for the determination of whether the appointment should be made permanent. defendant appeared and moved to vacate the order for the reason that it was made without notice to it. The motion was overruled by the trial court and further hearing was continued until May 22, 1930. Defendant has appealed from the order denying its motion to vacate and no further proceeding or hearing was had in the lower court on plaintiffs' application to make the appointment permanent.

It is the contention of defendant that the court was without authority to appoint a receiver without service of notice upon it, and that the court, therefore, erred in refusing to vacate the order appointing the receiver. In our opinion, this contention must be sustained. In the case of Pyeatt v. Prudential Ins. Co., 38 Okla. 15, 131 P. 914, this court announced the following rule:

"Where the petition for the appointment of a receiver fails to state facts sufficient to show that the delay which would result in giving notice of the application to the adverse party would defeat petitioner's rights or result in injury to him, it is error for the court to appoint a receiver without notice."

In the discussion of the case, at page 20, the court quotes with approval from Smith on Receivers as follows:

"The court will not appoint a receiver until the defendant, or party in possession of the property, has been heard, or has had an opportunity to be heard in response to the application. It is a well established principle in equity jurisprudence that the court will not encourage ex parte proceedings, and a departure from this principle requires a state of facts showing the greatest emergency."

The doctrine announced in the above case has been followed and approved by this court in the case of Scott v. Price, 103 Okla. 150. 229 P. 618. and Rashaw v. Straus Co., 94 Okla. 141, 221 P. 62.

After making the original order, the court evidently arrived at the conclusion that no sufficient showing had been made to authorize the appointment of a receiver to take charge of the property and assets of defendant. as it, apparently of its own motion, modified the original order by limiting the possession and control of the temporary receiver to the books and records of defendant. The application for the appointment of the receiver does allege that the business of the association was being mismanaged by the parties in control; that the association had lost considerable money by dealing in futures, and that it owed numerous members of the association for cotton purchased from them and handled by the association during previous years. This allegation is insufficient to authorize the appointment of a receiver without no-

tice. • There are no facts alleged which show that plaintiffs would have suffered irreparable injury by delaying the appointment of a receiver and permitting the books and records to remain in charge of defendant until notice could have been served upon it and a right given it to be heard on the application.

Plaintiffs contend that defendant waived its right to contest the order appointing the receiver without notice because it consented to a modification of the order originally made. The record fails to disclose that the order was modified on its application. It is true that its attorneys okeyed the correctness of the journal entry of judgment modifying the order. We do not think it waived any rights by merely agreeing that the journal entry modifying the original order was correct. Plaintiffs also claim that there was no error in appointing the receiver without notice, because defendant was given an opportunity to be heard on the question as to whether the appointment should be made permanent. We do not agree with this contention. Defendant had a right to contest the temporary appointment. The receiver was authorized to take control under the temporary appointment, and the mere fact that defendant was given an opportunity to be heard on the question of whether such appointment should be made permanent did not cure the error of the trial court in making the temporary appointment without notice.

Judgment is reversed and the cause remanded, with directions to sustain the motion of defendant to vacate the order appointing the temporary receiver.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.

Note.—See under (1), annotation in 26 A. L. R. 85; 23 R. C. L. 39, 40; R. C. L. Pocket Part, title Receivers, §§ 38, 39.