## ORR v. TIGER et al.

No. 24144.    Jan. 29, 1935.

E. F. Maley, for plaintiff in error.

S. L. O'Bannon, Herbert E. Smith, and LaFayette Walker, for defendants in error.

PER CURIAM. This is an appeal from an order of the district court, of Okmulgee county, overruling a motion to vacate and set aside the appointment of a receiver of real estate located in the city of Okmulgee.

The transcript reveals that on the 20th day of May, 1931, Johnson E. Tiger and 40 others joined in the filing of a petition in the district court of Okmulgee county against Alma Graham and 7 others, praying for possession of said real estate, and judgment for the value of the rents and profits thereof. All parties to said action, except Alma Graham, Max Slobasky, and T. H. Orr, defendants therein, assert ownership to said real estate on the alleged grounds of being heirs of one Roland Brown, a full-blood Indian citizen of the Creek Nation, who died August 6, 1904. Alma Graham deraigned her claim of title from Lizzie Brown, the alleged wife of the said Roland Brown, and pleads former adjudication and statute of limitations. T. H. Orr and Max Slobasky had filed no answers at the time of the taking of this appeal, but it does appear in said transcript that Orr is claiming title under a sheriff's deed issued to said real estate in the process of the foreclosure of a real estate mortgage thereon against Alma Graham and others.

The plaintiffs alleged in said petition that Alma Graham was in possession of said real estate at the time of filing thereof. In their answers and cross-petitions filed therein, the defendants in error herein alleged that Alma Graham, T. H. Orr, and Max Slobasky, were in possession. The transcript reveals that T. J. Farrar had been appointed receiver for said property in said foreclosure action. It does not appear from said transcript that he had been discharged at the time of his appointment herein. Said real estate was sold in said foreclosure action on the 5th day of August, 1932, which sale was confirmed by said court on the 22nd day of September, 1932, which order of confirmation reads, in part, as follows:

"It is further ordered by the court that the receiver appointed by this court, now in possession of the foregoing described real estate, surrender such possession thereof to the purchaser, T. H. Orr, and to place the said purchaser, T. H. Orr, in actual possession thereof; that if necessary, a writ of assistance be issued to the sheriff, placing said purchaser in possession thereof."

On the 23rd day of September, 1932, the day after the entering of said confirmation order, the defendants in error herein filed an application for the appointment of the said T. J. Farrar as receiver of said property in this action, and all plaintiffs therein agreed to said appointment by indorsement thereon. Upon the presentation of said application, on the said 23rd day of September, 1934, said court made said appointment, without notice, and without the hearing of evidence. Said application was signed by the attorney for the applicants, and was neither- verified nor supported by affidavits. The grounds specified therein for the appointment of said receiver are set out therein as follows:

"Petitioners represent and state to the court that they are defendants in the above-entitled action, and filed an answer and cross-petition, claiming to be owners, in fee simple, of said real estate and premises and entitled to the possession thereof.

"Petitioners further represent and state to the court that T. J. Farrar, as attorney of Okmulgee, Okla., is a proper and suitable person to be appointed as receiver herein; that he was heretofore appointed as receiver of the same property, above described in another action, pending in this court, being civil case No. 17097, and styled 'T. H. Orr v. Alma Graham et al., and as such receiver, in said civil action No. 17097, has collected some rents arising from said property, which rents are still in his possession.

"That said properties are not rented at this time, but could be rented and caused to yield some income, if there was a receiver appointed with authority to rent same and collect the rents arising therefrom."

On the 24th day of September, 1934, T. H. Orr, plaintiff in error herein, filed his motion to vacate said order appointing said receiver. Said motion to vacate was pre-

sented, heard, and overruled on the 1st day of October, 1932, the order overruling the same, in part, reading as follows:

"Now, on this 1st day of October, 1932, the above cause comes on for hearing upon the motion of the defendant, T. H. Orr, to vacate and set aside the order appointing a receiver herein, which said order was entered on the 23rd day of September, 1932, and the said T. H. Orr appearing by his attorney, E. F. Maley, and the parties opposing the same appearing by their attorneys, Herbert E. Smith, LaFayette Walker, and S. L. O'Bannon, and the court on consideration of said motion, finds that the said motion of the defendant, T. H. Orr, to vacate the order appointing receiver herein, does not state sufficient cause authorizing the court to vacate the order so appointing a receiver herein, and that said motion should be overruled;

"It is therefore ordered by the court that the motion of the defendant, T. H. Orr, to vacate the order appointing a receiver herein, on the 23rd day of September, 1932; be, and the same is hereby overruled, and the court refuses to vacate the order appointing said receiver herein, on the 23rd day of September, 1932; to all of which ruling and action of the court the defendant, T. H. Orr, excepted and exceptions were allowed."

From this order overruling his motion to vacate and set aside the appointment of the receiver, the plaintiff in error has appealed to this court by petition in error and transcript, assigning in his petition in error eleven specifications of error.

There are no statutory requirements regarding the form and substance of motions for vacating orders appointing receivers. The motion to vacate filed herein by plaintiff in error was in writing, specifying at length the reasons therefor, and was duly verified, and in our judgment was amply sufficient to challenge the consideration of the court.

The plaintiff in error in his brief submits all of his specifications of error to this court under three propositions, which, in substance, are that the application for the appointment of said receiver failed to state facts sufficient to justify the appointment of said receiver without notice to him, and, in support thereof, he cites the following Oklahoma cases: Oklahoma Cotton Growers Association v. Whitener et al., 155 Okla. 256, 8 P. (2d) 1106; Pyeatt v. Prudential Insurance Co. et al., 38 Okla. 15, 131 P. 914; Rashaw v. Straus Co. et al., 94 Okla. 141, 221 P. 62.

The defendants in error apparently admit the correctness of the rule adopted by this court in the cases cited by plaintiff in error, but they contend that said rule is applicable only to parties in possession of the property involved, and insist that the plaintiff in error is not in possession of said property, but this record clearly indicates that the plaintiff in error has some interest in the possession of said real estate, amounting to a right which was affected by the appointment of said receiver, and, under the general rule of law pertaining to the appointment of receivers, that right should have been taken into consideration by the court before making said appointment.

Plaintiff in error had filed no answer, and the application for the appointment of the receiver ignored him and his rights entirely, and we cannot conceive how the court could have considered his rights in acting upon said ex parte petition. A receiver should never be appointed so as to affect the rights of a party to the original action before he has filed an answer, in the absence of a specific allegation and clear proof of the exigency of the particular case. (Sec. 49, p. 56, 53 C. J.)

The applicant for the appointment of a receiver cannot content himself with the allegation of mere legal conclusions. He must allege and prove the necessity and propriety of the appointment, and the existence of such a state of facts, in the particular case, showing a danger of the property or fund in question being lost, removed, or materially injured (sec. 44, p. 54, 53 C. J.), and in these the application in this case is wholly deficient.

The defendants in error contend that by filing his motion to vacate the order appointing said receiver, the plaintiff in error waived his right to contest the order appointing said receiver on the ground that he had no notice thereof. It is true that after the appointment of a receiver, without notice, a party moves to vacate said appointment, thereby contesting the merits of the application, and the issue thereon is tried on evidence submitted by the parties, the want of notice of the application for the appointment is waived. Union State Bank of Shawnee v. Mueller, 68 Okla. 152, 172 P. 650; Exchange Trust Co. v. Oklahoma State Bank of Ada, 126 Okla. 193, 259 P. 589; Morgan v. Daniels, 130 Okla. 201, 266 P. 464. But in this case the application did not contain any allegations sufficient to authorize the court in the appointment of a receiver, and the motion of

the plaintiff in error to vacate said appointment was based wholly upon the ground that the appointment was made without notice to him. The court, without hearing any evidence going to the merits of the appointment, in fact, held that the motion to vacate was insufficient, and we do not think that merely by the filing of the motion to vacate the plaintiff in error waived any of its rights therein. Oklahoma Cotton Growers Association et al. v. Whitener et al., 155 Okla. 256, 8 P. (2d) 1106.

From an examination of the whole record, we hold that the order appointing the receiver herein, upon the application filed by defendants in error therefor, without notice to the plaintiff in error, T. H. Orr, and without giving him an opportunity to be heard, was an abuse of judicial discretion and improvidently made, and that said appointment should have been set aside upon the motion of plaintiff in error. The action of the trial court in dismissing said motion of plaintiff in error, should be reversed, with instructions to vacate said order appointing said receiver.

The Supreme Court acknowledges the aid of Attorneys G. M. Barrett, T. G. Carr, and C. E. Dudley in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. G. M. Barrett and approved by Mr. Carr and Mr. Dudley, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.