G. H. ROWLEY, v. ANNA VARNUM AND ANNA VARNUM, *Executrix of the estate of J. G. Varnum, deceased.*

(Filed September 6, 1905.)

1. HOMESTEAD—Mechanic's Lien. It is necessary for one furnishing material for improvements on a homestead to contract therefor in writing with both husband and wife, if they are both living not divorced, in order to obtain a mechanic's lien on the homestead.

2. SAME—Foreclosure Refused, When. Where no written contract therefor is entered into with husband and wife by one furnishing material for improvements on a homestead: Held, that no lien attaches to such homestead by reason of the filing of a mechanic's lien thereon, and a decree of foreclosure of such lien is properly denied.

(Syllabus by the Court.)

*Error from the District Court of Washita County; before James K. Beauchamp, Trial Judge.*

*Rutherford Brett* and *S. C. Burnette,* for plaintiff in error.

*Jones, Lucky & Brown,* for defendants in error.

Opinion of the court by

PANCOAST, J.: Suit was brought by plaintiff in error for the value of materials furnished in the erection of a cer-

tain building for defendant in error and her husband, and to foreclose a materialman's lien therefor. The objection raised by the answer to a decree foreclosing the lien was that the property mentioned in plaintiff's petition constituted a homestead at the time the materials were furnished for improvements thereon, and that, in the language of the answer, "If the plaintiff ever had a contract with defendant and her said husband — which she denies — said contract was not in writing, and hence not binding on this defendant as to her homestead rights in the premises." Judgment was rendered for plaintiff below for the value of the material, but decree of foreclosure of the lien was denied. From this judgment, plaintiff in error appeals.

The only contention of plaintiff in error which can be considered by this court, under the record before us, is based upon the refusal of the trial court to decree to plaintiff below a lien on the land described in the petition by virtue of the mechanic's lien set out therein.

The statute exempting a homestead, makes the following exception, among others:

"The exemption of the homestead provided for in this act shall not apply where the debt is due:* * * Third, for work and material used in constructing improvements thereon, or for mortgage indebtedness, but in this last case, such work and material or mortgage indebtedness must have been contracted for in writing, and the consent of the wife, if there be one, must have been given in the same manner as by law required in making a sale and conveyance of the homestead." (Wilson's Statutes, sec. 2988.)

The method required in making a conveyance of the homestead is controlled by sec. 4, of chap. 16, Wilson's Statutes, which provides that no deed, mortgage or contract

relating to the homestead, except a lease for a period not exceeding one year, shall be valid unless in writing, and subscribed by both husband and wife, where both are living, not divorced, with certain exceptions not applicable here.

These sections of the statute render it obligatory upon one furnishing material for improvements on a homestead to contract therefor in writing, with both husband and wife, where they are living, not divorced, in order to obtain a mechanic's lien on such homestead by reason of having furnished such material.

We are bound, in the present condition of the record, by the homestead character which the trial court ascribes to the property upon which the lien is sought to be enforced. There being nothing in the record to show that any contract in writing was ever entered into by the lien claimant with defendant in error and her husband for the furnishing of such material, and the provisions of the statute above referred to being absolute in character and not having been complied with, it follows the refusal of the trial court to allow plaintiff in error a lien upon the homestead by virtue of the mechanic's lien to decree foreclosure thereof, was proper, and impelled by the omission to contract as mentioned.

The judgment is affirmed.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.