Peters, Respondent, vs. Bossmann and wife, imp., Appellants.

*February 6—March 6, 1923.*

*Mortgages: Foreclosure: Appointment of receiver for homestead:
Discretion of court.*

1. The sequestration of property of a debtor through receivership
   is in the nature of an equitable levy in place of a seizure on
   execution.
2. Although courts of equity are reluctant to appoint a receiver
   to subject the rents and profits of a homestead to the payment
   of a mortgage indebtedness, they have jurisdiction to do so.
3. Where a 160-acre farm was mortgaged for some $8,000 in ex-
   cess of its value and the mortgagor was insolvent, had sold
   his machinery, and could only rent the farm, the appointment
   of a receiver to sequester the rents and profits during the
   redemption period was not an abuse of the discretion of the
   trial court.

Appeal from an order of the circuit court for Dodge
county: C. M. Davison, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *Lueck, Clark &
Lueck* of Beaver Dam, and oral argument by *Arthur W.
Lueck.*

*August Kading* of Juneau, for the respondent.

Crownhart, J.    This is a case of foreclosure of a pur-
chase-money mortgage on real estate, including the home-
stead. No defense was tendered to the action. The plaintiff
asked for a receiver to collect the rents and profits pending
the proceedings, and the court granted the motion and
appointed a receiver to collect the rents and profits of the
property, including the homestead. The order, however,
provided that the mortgagor and family might retain pos-
session and occupy the family residence. The mortgagor
objected to the receivership as to the homestead forty acres.

From the complaint and supporting affidavits it appears
that the mortgagor owed the plaintiff some $22,000 on the

premises; that an instalment of principal of $1,000 became due and unpaid; that interest to the amount of $1,200 was due and unpaid; that the plaintiff thereupon exercised his option under the mortgage to declare the whole amount of the mortgage indebtedness due and commenced foreclosure proceedings. The plaintiff's mortgage was subject to a prior mortgage of $18,000, which mortgage defendant had assumed and agreed to pay. The affidavits disclose without denial that defendant was insolvent. His farming outfit had been sold and the proceeds applied on a chattel mortgage covering the property. His only use for the homestead farm was to rent it, which he was attempting to do. The mortgaged premises were worth $8,000 less than the indebtedness charged against them.

The defendants contend that they were entitled to the possession, use, and enjoyment of the homestead until the period of redemption should expire, basing such contention upon the statute of exemptions, sec. 2983, Stats. 1921. The action of foreclosure is equitable in its nature, and the sequestration of property of the debtor through receivership is in the nature of an equitable levy in place of seizure on execution. The statute of exemptions of a homestead expressly excludes from its provisions mortgaged premises and premises subject to purchase-money, mechanics', and labor liens. Therefore the question raised is not one of jurisdiction but one of discretion.

Courts of equity are reluctant to appoint a receiver to subject the rents and profits of the homestead to the payment of the mortgage indebtedness. In some states, under somewhat different statutes, the courts have decided that they are without authority to do so. *Chadron L. & B. Asso. v. Smith,* 58 Neb. 469, 78 N. W. 938; *Callanan v. Shaw,* 19 Iowa, 183. See note in 7 L. R. A. N. s. 1001. But in this state our court has held that it is a matter within the discretion of the trial court, and unless that discretion

is improperly exercised the order will not be disturbed. In *Finch v. Houghton,* 19 Wis. 149, a receiver was appointed to collect the rents and profits of the mortgaged real estate, but the question of homestead did not arise. In *Schreiber v. Carey,* 48 Wis. 208, 4 N. W. 124, a receiver was appointed for the mortgaged premises, including the homestead. There the question of homestead exemption was raised, and the court, assuming the jurisdiction to make such an order, said that "if the appellant desires the homestead exempted he can apply for a modification of the order." The only question seemed to have been whether or not the court acted properly within its discretion. In *Nash v. Meggett,* 89 Wis. 486, 61 N. W. 283, the trial court, in appointing a receiver for the mortgaged premises, exempted the homestead, and this court held that "the power of appointing a receiver of such homestead and the rents and use of the same rested in the sound discretion of the trial court." In *Gaynor v. Blewett,* 82 Wis. 313, 52 N. W. 313, the court said:

"The rents and profits of lands are not pledged by a mortgage of the lands merely, but belong to the owner of the equity of redemption until the court, for equitable reasons, shall appoint a receiver to collect them for the benefit of the mortgagee, or directs the receiver to take possession of the mortgaged premises and the rents and profits of the same, to the end that the rents realized may be applied to the payment of any deficiency that may remain unpaid after applying the proceeds of the sale of the mortgaged premises; and whatever is not needed for that purpose is to be paid to the mortgagor or other person entitled thereto. The appointment of a receiver for that purpose is a matter resting in the sound discretion of the court and gives the plaintiff in the foreclosure suit an equitable lien upon the accrued and unpaid rents."

In this case the court made no distinction between the homestead and other property as to the principle involved.

In principle we can see no distinction between the right

of the court to appoint a receiver to sequester the rents and profits in the case of a homestead than, as to other mortgaged property. In neither case should the court appoint a receiver unless the facts establish a case which clearly invokes the exercise of the equitable power of the court to grant that relief. *Sales v. Lusk,* 60 Wis. 490, 19 N. W. 362; *Winkler v. Magdeburg,* 100 Wis. 421, 76 N. W. 332; *Wis. Nat. L. & B. Asso. v. Pride,* 136 Wis. 102, 116 N. W. 637.

The court having jurisdiction to appoint a receiver to collect the rents and profits of the homestead, the question then, arises whether or not the court failed to exercise a wise discretion in the instant case. It appears that the mortgaged property consisted of a farm of 160 acres, with the usual fences and farm buildings. The premises were mortgaged for some $8,000 in excess of their value. The mortgage debtor was insolvent; his farming outfit had been sold and applied on a chattel mortgage; he had no means of conducting the farm, and no prospect of redemption. By an order he was permitted to retain the occupancy and use of the farm house. We do not see any personal advantage that he would gain by retaining the balance of the homestead, unless he should rent it as proposed. The defendant otherwise having lost all interest in the place, it might well appear to the trial court that the farm buildings and improvements would be subject to waste, and that such farm buildings were necessary and proper for the receiver to carry on the balance of the farm. We cannot say that the trial court abused its discretion; hence the order may stand.

*By the Court.*—The order of the circuit court is affirmed.