## DICKERSON v. FIRST STATE BANK OF INOLA et al.

No. 14914—Opinion Filed March 17, 1925.

Rehearing Denied Jan. 5, 1926.

### 1. Mortgages—Foreclosure — Right to Receiver—Statute.

Subsection 2, of section 518, Comp. Stat. 1921, relating to causes in which receivers may be appointed, provides for such appointment—"In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficent to discharge the mortgage debt."

### 2. Same—Discharge of Receiver—Solvency of Debtor.

S. B. of I. sued D. on two promissory notes in the principal sum of $4,050 and obtained judgment for $2,000, which judgment was affirmed by this court. A receiver of D.'s property of the approximate value of $7,000 was appointed, and after judgment rendered, D. moved to discharge the receiver. Held, the record failing to disclose the insolvency of D. and disclosing the fact that the property of D. is of value largely in excess of plaintiff's judgment, the statutory reasons for a receiver are nonexistent and the receiver should be discharged.

### 3. Same — Discharge for Improper Disposal of Collections.

Where the court directs a receiver to collect monies and deposit such monies with the court clerk and such receiver fails, refuses, and neglects to comply with the order of the court, but turns over the monies so

collected to the plaintiff in the action, and expends money colllected as receiver without authority of the court, upon proper motion filed, and showing made, such receiver should be removed or discharged.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Rogers County; C. H. Baskin, Judge.

Action by First State Bank of Inola against E. J. Dickerson. From order of court overruling defendant's motion to discharge receiver, defendant appeals. Reversed, with directions.

Holtzendorff & Holtzendorff, for plaintiff in error.

Robson & Bayless, for defendants in error.

Opinion by RUTH, C. Action was brought by the First State Bank of Inola against E. J. Dickerson to recover on two promissory notes, with interest and attorney's fees; foreclosure of a mortgage of real estate, executed and delivered for the purpose of securing the payment of the notes, and for appointment of a receiver of the defendant's property.

The receiver was appointed and took possession of all the defendant's property mentioned in the mortgage on June 30, 1922, and on October 17, 1923, a trial was had on the issues joined and a jury returned a verdict for the plaintiff bank in the sum of $2,000, on which verdict judgment was entered.

The order appointing the receiver directed him to rent or lease the premises and to pay all monies collected to the clerk of the court of Rogers county.

On October 24, 1923, the defendant moved the court to vacate and set aside the order appointing a receiver, for that said receiver had violated the order of the court by depositing rental and lease monies in the plaintiff bank, instead of with the court clerk, as directed, and for the further reason that the jury had found in favor of the plaintiff in the sum of $2,000 and the property now under control of the receiver was of the reasonable values as follows, to wit: Farm, $4,000; brick building, $2,000; hay barn, $1,500; four granaries, $400, or a total of $7,900, and as the jury had returned a verdict for the plaintiff in the sum of $2,000, the property was of a value far in excess of a sum sufficient to satisfy the judgment with interest and costs.

The motion to discharge the receiver was denied and the defendant filed his appeal in this court in November, 1923, and the plaintiff filed his appeal from the judgment of the court on the main issue on June 19, 1924, being cause No. 15480 in this court. In the order denying the motion to discharge the receiver, the court found the receiver "failed, neglected, and refused and still fails, neglects and refuses, to deposit the monies collected, by reason of his receivership with the court clerk as directed, but has deposited the same in the plaintiff bank and that the receiver had expended money without authority of the court," but as the plaintiff had filed a motion for a new trial on the main issues and had evinced a determination to appeal to this court in the event the motion for a new trial was overruled, and for other good and sufficient reasons, the court denied the motion to discharge the receiver.

At the hearing of the motion to discharge the receiver, considerable oral evidence was introduced. It appears from the evidence the property in the hands of the receiver is reasonably worth the sum of approximately $7,000, and that the sum of $480 came into the hands of the receiver from rentals in one year, and as he has been in possession of the property approximately three years, it is a safe assumption that there is an additional accumulation of funds in the hands of the receiver, and considering the value of the property, and the amount of the plaintiff's judgment, the necessity for a receiver is not apparent.

Section 518, Comp. Stat. 1921, enumerates the sections in which a receiver may be appointed, and subsection 2 thereof recites:

"Second. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed and that the property is probably insufficient to discharge the mortgage debt."

The record in this case discloses the property of the defendant is of a value greatly in excess of the judgment rendered in favor of the plaintiff and affirmed by this court, and for the reasons herein stated, the judgment of the court below in denying the defendant's motion to discharge the receiver should be reversed and this cause remanded to the trial court with instructions to sustain defendant's motion to discharge the receiver.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. p. 1625. (2) 27 Cyc. p. 1625. (3) 27 Cyc. p. 1634 (1926 Anno).