**YARHOLA et al. v. LONG-BELL LBR. CO. et al.**

No. 16484—Opinion Filed May 25, 1926.

Rehearing Denied Oct. 12, 1926.

**Appeal and Error—Review of Evidence in Equity Case.**

This court will weigh the evidence in a case of purely equitable cognizance, but will not reverse the same unless it be clearly against the weight of the evidence.

**Same—Judgment Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by Long-Bell Lumber Company to foreclose a mechanic's lien against the Legion Hotel Company et al. Sussehta Yarhola filed cross-action, praying that his real estate mortgage be declared a first lien. Judgment against the prayer of cross-petition. Cussehta Yarhola appeals. Affirmed.

White & Nichols, for plaintiffs in error.

C. T. Huddleston and Logan Stephenson, for defendants in error.

Opinion by STEPHENSON, C. An association of several people in the city of Weleetka, undertook the construction of a hotel. The company was incorporated as the "Legion Hotel," and undertook to sell stock to finance the building. About $24,000 worth of the stock was subscribed for by numerous persons. S. N. Craig was the manager of the Long Bell Lumber Company at Weleetka. Mr. Craig also was associated with the people who proposed to build the hotel, and took an active part in promoting the enterprise. Hill Moore and H. A. Dolan were the duly appointed and acting guardians of Cussehta Yarhola, an incompetent. The hotel company borrowed $36,000 from the estate of the incompetent, which was used in financing the construction of the hotel. The payment of the indebtedness was secured by a mortgage on the property. About $7,500 of the money borrowed from the estate of Yarhola was paid to the Long-Bell Lumber Company for material. About $8,000 remained unpaid to the lumber company for material, and the company filed its mechanic's lien against the property. The Long-Bell Lumber Company commenced an action to foreclose its mechanic's lien against the hotel company, in which Cussehta Yarhola was joined as a defendant. The latter filed a cross-action for the purpose of causing his mortgage to be declared a first and prior lien on the property. The trial of the cause resulted in the mortgage of Yarhola being declared inferior to the lien of the plaintiff. The defendant has perfected his appeal and assigns several errors for reversal of the judgment.

The plaintiff in error relies upon an agreement with S. N. Craig, the manager of the plaintiff company, for declaring the me-

chanic's lien of the latter inferior to that of the appellant. The determination of the question of priority between the parties must be rested on the alleged agreement, and proof in support thereof. The question of priority was an issue of fact involved in the trial of the cause, and was found against the plaintiff in error. If the judgment of the court is not against the clear weight of the evidence, it will not be necessary to pass upon the several questions of law presented by the plaintiff in error. It appears to be the contention of the plaintiff in error that S. N. Craig was an officer in the hotel company, and also the manager of the plaintiff corporation. The plaintiff in error contends that the lumber company, through its manager, agreed to treat and consider the mortgage of the plaintiff in error as a first mortgage. The plaintiff in error apparently assumed that all the conditions happened, which were agreed upon, for treating the plaintiff in error's mortgage as a first lien.

Hill Moore, one of the guardians who made the loan, testified in this cause as to the conditions upon which the loan was made. The guardian testified in part as follows, in relation to the proposal of Craig:

"Mr. Craig and myself discussed how much the hotel would cost, and I did not want to loan more than 50 per cent. of the value, and I figured up the amount of the stock subscribed, and he made the statement that if he collected the stock and got $36,000 loan, he would carry a second mortgage for the balance."

H. A. Dolan, the other guardian, in relation to the agreement with S. N. Craig, testified as follows:

"Just a general discussion as to whether these bills were being taken care of or not; it came up at one of the meetings at which I was present, and they insisted on getting money right then, so they could go ahead and pay the lumber bill, and we asked for a bond, and as I remember, Craig said they would take care of the amount over the loan, and over the amount that was subscribed, and carry it themselves."

Two other witnesses testified in substance to similar statements of Craig.

The amount of stock subscribed for was $24,000. There was only about $3,000 paid into the company on the stock. According to the evidence introduced by the plaintiff in error, S. N. Craig agreed that his company would carry a second mortgage for that part of the indebtedness and cost of the hotel remaining after the $24,000 received

from stock, plus the loan, had been applied in payment of the indebtedness.

The judgment of the court, which denied the mortgage of the plaintiff in error the effect of a first lien, is not against the clear weight of the evidence. This court will weigh the evidence in a case of purely equitable cognizance, but will not reverse the judgment unless it be clearly against the weight of the testimony. Orth v. Gregory, 98 Okla. 229, 223 Pac. 385.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See 4 C. J. p. 900 §2869; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81.