## HORN v. LINCOLN NAT. LIFE INS. CO.

No. 16904—Opinion Filed Oct. 19, 1926.

**1. Mortgages—Foreclosure on Homestead—Right to Receiver on Ground that Value of Property not Sufficient to Discharge Debt—Necessity for Proof.**

In an action for foreclosure of a mortgage upon a homestead and to appoint a receiver upon the ground that the lands are probably insufficient in value to discharge the mortgage debt, such allegation in the petition is a mere conclusion of the pleader, and in the absence of proof showing its inadequacy, where the appointment of a receiver is resisted, it is an abuse of discretion of the trial court to make such appointment.

**2. Appeal and Error—Abuse of Discretion in Refusal to Vacate Order Appointing Receiver.**

Upon an appeal from a judgment overruling the motion of the appellant to vacate, cancel, and annul an order of the trial court appointing a receiver, the Supreme Court will examine the whole record, and if an abuse of discretion is manifest in the record, the judgment of the trial court will be reversed.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pottawatomie County; Hal Johnson, Judge.

Action by Lincoln National Life Insurance Company against Ida R. Horn et al., for foreclosure of a mortgage on real estate and for a receiver. From the judgment of the court overruling defendant's motion to discharge the receiver and vacate the order of appointment, defendant appeals. Reversed, with directions.

T. G. Cutlip, for plaintiff in error.

Jno. Y. Murry, Chas. E. Bush, W. D. Calkins, and Abernathy & Howell, for defendant in error.

Opinion by RUTH, C. On June 8, 1925, the plaintiff, Lincoln National Life Insurance Company, filed its unverified petition against Ida R. Horn et al., wherein a foreclosure of a certain mortgage on real property was sought, and prayed a receiver be appointed to take possession of the land, to collect rents, royalties, income, etc. A copy of the mortgage was attached to plaintiff's petition, and contained the following clause, covenant, or condition:

"That in the event of any default in payment or breach of any covenant or condition herein, the rents and profits of said premises are pledged to the party of the second part, its successors and assigns, as additional collateral security, and said party of the first part, its successors and assigns, shall be entitled to possession of said premises, by receiver or otherwise:"

Plaintiff prayed judgment in the sum of $3,710 principal and interest, plus $350 attorney's fees.

On September 17, 1925, defendant Ida R. Horn filed her separate answer, in which she pleads usury and prays a "set-off."

On October 2, 1925, the cause came on for hearing upon plaintiff's application for appointment of a receiver. The application was considered upon the pleadings and affidavits filed by plaintiff and defendant. The court found B. F. Farmer was "a proper and suitable person for said trust." What "trust" he was suitable for does not appear, and the order does not appoint him, but only finds him to be a "proper and suitable person"; nor does the order designate any duty he shall perform.

Defendant noted her exceptions and filed her motion to vacate, set aside, and annul the order, which motion was by the court overruled, and defendant reserved her exceptions and gave notice of appeal, and the cause comes on for review upon petition in error and case-made.

Defendant presents her cause upon several assignments of error, to wit: Abuse of discretion in the court; lack of evidence tending to show defendant is insolvent; that there was no evidence tending to show the mortgaged land was insufficient in value to pay the mortgage debt, interest, and costs; that the petition was unverified; that the mortgaged property was the homestead of the defendant and her dependents; and that the appointment of a receiver for a homestead is in violation of the public policy of the state of Oklahoma, before the mortgage lien is foreclosed and the debt secured thereby has been reduced to judgment.

It appears from the record that this land, with the improvements, was appraised by the loan company making the loan in 1921 at $8,000, and some 14 farmers living in the vicinity of the land make affidavit that the land is worth $50 per acre, or a total of $8,000 for the 160 acres. One affidavit submitted by plaintiff places the value of the property a few dollars less than $3,000 at forced sale, and the affidavits range from $3,000 at forced sale, to $8,000 at private sale. Defendant's affidavit discloses that she paid to the Exchange Trust Company of Tulsa, which company originally held the mortgage, the sum of $1,471.80, and sets forth

the dates and amounts of payments. Defendant's affidavit further sets forth that the land has been her homestead for 20 years; that 140 acres is under cultivation, fenced, and cross-fenced; 16 acres in apple and peach orchard; and 20 acres in timber and pasture land.

Defendant makes affidavit of her solvency, and lists property of a value far in excess of $25,000, and asserts her indebtedness "all told" does not exceed $5,000.

The mortgage provided for the appointment of a receiver, and pledged the rents and profits as collateral security for the loan, but the right to a receivership is not an absolute right, but is limited by the statutes of this state to certain classes of cases, and where certain conditions are present.

Section 518, C. O. S. 1921, provides:

"A receiver may be appointed by the Supreme Court, the districtt or superior court, or any judge of either, or, in the absence of said judges from the county, by the county judge."

The second subdivision is as follows:

"In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt."

The petition recites a breach of the covenants, and "that the mortgaged property" is probably "insufficient to pay any judgment which the plaintiff may recover herein." This allegation in the petition, standing alone, is insufficient to empower the court to appoint a receiver, where such appointment is resisted by the defendant. It is a mere conclusion of the pleader, and must be supported by evidence when resisted.

"An allegation in a complaint to foreclose a mortgage that the mortgaged premises are insufficient to discharge the mortgage debt, without an allegation as to the value of the property, etc., constitutes a mere conclusion of the pleader and is insufficient to authorize the appointment of a receiver." Bank of Woodland v. Stephens et al. (Cal.) 79 Pac. 379.

In Brick v. Hornbeck, 43 N. Y. Supp. 301, it was said: "Unless the land is inadequate security the appointment of a receiver is an unnecessary annoyance and hardship," and we are of opinion this applies with added force where it is asserted and not controverted that the land sought to be placed in possession of the receiver is the homestead of defendant.

True it is, that a homestead may be mortgaged and rents and profits pledged as additional security for the payment of the debt, and the mortgagor is in equity and good conscience, entitled to all reasonable protection, but it is the fixed and settled policy of this state, under the Constitution and homestead exemption acts, to throw every safeguard possible about the homestead of its citizens, and not deprive them of the means of subsistence pending litigation involving possession of such homestead, and a receiver should not be appointed to take possession of a homestead, upon the sole ground that the mortgaged property is probably insufficient to secure the debt, unless the evidence submitted is clear and convincing.

It is also a rule firmly fixed and established by this court and from which we have no desire to depart, that:

"The appointment of receivers by inferior courts, when brought to the Supreme Court for review, will not be reversed, unless it clearly appears that the lower court abused the discretion placed with such inferior courts under the provisions of Rev. Laws 1910, sec. 4979." Skelly Oil Co. v. Globe Oil Co., 82 Okla. 214, 200 Pac. 537.

By the force of the conjunction "unless," the converse is true, and if the court has abused its discretion, this court will correct the error.

A review of the whole record fails to disclose the necessity for the appointment of a receiver upon the grounds alleged in the petition, and the order of the trial court in so appointing such receiver is reversed, and the cause remanded, with directions to the trial court to sustain the motion of the defendant to vacate the order of appointment and to discharge the receiver upon approval of his final account.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 804, §2769; 27 Cyc. pp. 1628, 1629; 31 Cyc. p. 65 (Anno). (2) 4 C. J. p. 804, §2769.