## ADAMS v. SWAN.

No. 21249. Dissenting Opinion Filed May 13, 1930.

SWINDALL, J. (dissenting). I agree that under the rule of law as announced by this court in the case of Horn v. Lincoln National Life Insurance Co., 120 Okla. 16, 250 Pac. 74, the court may appoint a receiver of a homestead before his decree of foreclosure is entered, but so holding does not, in my opinion, justify or warrant this court under the facts disclosed by the record to reverse this cause with directions to the trial court to appoint a receiver in said cause, for the reason that the application for the appointment of a receiver is resisted. The property is the homestead of the defendant and the trial court was not authorized under the statutes, subdivision 2, section 518, C. O. S. 1921, to appoint a receiver until it was made to appear to the court by clear and convincing evidence that the property is insufficient to pay the debt. The trial court did not make a sufficient finding upon that issue, but seems to have decided the cause upon the theory that the court was not authorized to appoint a receiver for a homestead. Such is the conclusion of law as stated by the trial court.

So I am of the opinion that the proceedings should be reversed and remanded to the trial court to determine the cause upon the one issue of whether or not there has been, or may be upon further hearing, clear and convincing evidence offered to establish that the property is probably insufficient to pay the debt.

Until such proof is offered and such a finding is made, I am of the opinion that we are not authorized to direct the trial court to appoint a receiver. Such an order is not consistent with our holding in Horn v. Lincoln National Life Insurance Co., supra. I feel that it is proper for the trial court to make such finding, as the trial court has the parties before the court and is in a much better position to make such findings than is this court, and for that reason the trial court should be required to make such finding. If the evidence is clear and convincing that the mortgaged property is probably insufficient to secure the debt, then the trial court should appoint a receiver, otherwise refuse the appointment.

If it is the intention of the majority opinion to hold that the record shows that the evidence is clear and convincing that the property is probably insufficient to secure the debt, then it should so state. This being an equitable proceeding, the court could make an order appointing a receiver, as the proceeding is now properly before this court on appeal in a manner authorized and provided for by statute, and if the evidence is sufficient to warrant the appointment of a receiver, why reverse the cause and direct the trial court to do that which we could now do and set the case at rest?