## ADAMS v. SWAN.

No. 21249. Opinion Filed May 13, 1930.

Bierer & Bierer, for plaintiff in error.

John Adams, for defendant in error.

ANDREWS, J. Plaintiff in error, as plaintiff, filed a petition in the district court of Logan county, seeking to recover a judgment on indebtedness secured by a real estate mortgage, for foreclosure of the mortgage, and to have a receiver appointed for the mortgaged property.

The trial court, on the hearing of the application for the appointment of a receiver, for the purpose of the motion and application for the appointment of a receiver, found:

"* * * That there is due the plaintiff on the note and mortgage sued on the sum of $4,400, with interest thereon from the 1st day of December, 1928; that the defendant has paid the plaintiff, on the note and mortgage sued on, the sum of $2,761.52, the interest in full on said mortgage to December 1, 1928, but has paid no part of the principal or interest since, and that there is due

to April 1, 1930, in taxes and penalties and costs for redemption certificates, the sum of $1,571.11, no part of which has been paid, and that the defendant is wholly unable to pay any part of said indebtedness, principal, interest or taxes, and that the insurance premiums, as set out in plaintiff's verified petition, are unpaid, and the said property is standing uninsured, that said property is in about as good repair as it was at the time the mortgage was made.

"The court further finds that the said property is not worth more than the sum of $4,000, and the property is probably insufficient to discharge the mortgage debt, at either voluntary or public sale.

"The court further finds that said property was the homestead of the defendant, Cynthia E. Swan, and her husband, O. S. Swan, at the time the note and mortgage sued on were given; that said C. S. Swan died in 1923, the next year after the mortgage was given, and the said property remains the homestead of the widow, the defendant Cynthia E. Swan, and is now her homestead, she living, residing upon and using the same as such"

—and held:

"The court, therefore, concludes, as a matter of law, that the property under foreclosure in this cause is probably insufficient to discharge the mortgage debt and the taxes thereon, with penalties, in the sum of $1,571.11, are unpaid and accumulated and the property is uninsured.

"The court further concludes that the property being the homestead of the defendant at the time the mortgage was given and at that time, the court is, under the Constitution of the state of Oklahoma, without authority to appoint a receiver of said property, on account of the same being a homestead, and the application for appointment of receiver is, therefore, refused, to all of which findings and conclusions, and each thereof, the plaintiff duly excepts."

There is no objection made to the finding of facts. From that order an appeal was taken to this court, where the plaintiff in error presented a motion for immediate relief through the appointment of a receiver by this court or through an order requiring the trial court to appoint a receiver.

The parties will be referred to as they appeared in the trial court.

Section 525, C. O. S. 1921, provides:

"In all cases in the district or superior court, in which a receiver may be appointed, or refused, the party aggrieved, may, within ten days thereafter, appeal from the order of the court, or a judge thereof, refusing to appoint, or refusing to vacate the appointment of a receiver, to the Supreme

Court, without awaiting the final determination of such cause. * * *"

The purpose thereof was to grant speedy and adequate relief to one whose legal right has been denied by a refusal of the trial court to appoint a receiver where one should have been appointed. The time for taking the appeal is reduced from six months to ten days.

Section 518, C. O. S. 1921, authorizes the appointment of a receiver by the Supreme Court. In our opinion that section authorizes this court to grant relief in a matter of this kind as early as practicable.

There is only one question presented by this appeal and that is the jurisdiction of any court to appoint a receiver for a homestead. Defendant contends that section 518, supra, does not apply to a homestead.

Section 1, art. 12, of the Constitution defines a homestead and section 2, art. 12, provides:

"The homestead of the family shall be, and is hereby protected from forced sale for the payment of debts, except for the purchase money therefor or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon; nor shall the owner, if married, sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law; Provided, nothing in this article shall prohibit any person from mortgaging his homestead, the spouse, if any, joining therein; nor prevent the sale thereof on foreclosure to satisfy any such mortgage."

The defendant contends that the inhibition against a forced sale of the homestead, as provided therein, is relaxed by the proviso therein so as not to prevent a sale of the homestead on foreclosure to satisfy a mortgage thereon, but that it is not relaxed so as to authorize the disturbance of the possession of the homestead owner until after the sale in pursuance to the decree foreclosing the mortgage.

The plaintiff, in support of his contention, cites two Wisconsin decisions, Schreiber v. Carey, 4 N. W. 124, and Peters v. Bossman, 192 N. W. 465, and two Minnesota decisions, Marshall & Illsley Bank v. Cady, 77 N. W. 831, and Lowell v. Doe, 46 N. W. 297, each of which authorizes the appointment of a receiver notwithstanding the homestead character of the property.

Plaintiff cites Horn v. Lincoln Nat. Life Ins. Co., 120 Okla. 16, 250 Pac. 74, wherein this court said:

"True it is, that a homestead may be mortgaged and rents and profits pledged as additional security for the payment of the debt, and the mortgagor is in equity and good conscience entitled to all reasonable protection, but it is the fixed and settled policy of this state, under the Constitution and homestead exemption acts, to throw every safeguard possible about the homestead of its citizens, and not deprive them of the means of subsistence pending litigation involving possession of such homestead, and a receiver should not be appointed to take possession of a homestead, upon the sole ground that the mortgaged property is probably insufficient to secure the debt, unless the evidence submitted is clear and convincing."

The defendant contends that that case was disposed of without reference to the question of whether a receiver in any case can be appointed for a homestead; that it was not necessary, in that case, for the court to pass upon that question, and that the rule announced in that case is applicable whether or not the property was a homestead.

The defendant cites the case of Chadron L. & B. Ass'n v. Smith, 58 Neb. 469, 78 N. W. 938, wherein that court said:

"The homestead right was made subject to be disturbed only through some voluntary act of the parties who might be entitled to it, and then alone by execution or forced sale. This clearly does not contemplate the deprivation of the enjoyment of the homestead right by or through the appointment of a receiver, and we cannot extend what the law-makers have said, and read into the law the incidental remedies which accompany mortgage liens ordinarily or in general. Any invasion of the homestead right will not be extended beyond the fair, direct import of the enactment by which it may be sought to make it less absolute"

—and calls attention to the similarity between the Nebraska statute and section 2, art. 12, of our Constitution.

Defendant contends that the Minnesota cases are based on a statute entirely different from the Nebraska statute and from our constitutional provisions, and seeks to distinguish the Wisconsin decision.

The homestead right is a personal right and may be waived. Taylor v. Campbell, 139 Okla. 110, 281 Pac. 243. The defendant contends that the execution of a mortgage on a homestead is not a waiver of the rights other than to a foreclosure and sale and that it is in no wise a waiver of the right to continue to possess the property until the sale in the foreclosure proceeding.

The right of a mortgagee to have a receiver appointed is not governed by the pro-

visions of the mortgage, but by the statutes. (Jacobs v. Mortgage Trust Co., 122 Okla. 1, 249 Pac. 930), and section 518, supra, defines the conditions upon which a receiver may be appointed on application of the mortgagee in an action to foreclose his mortgage.

The Constitution provides for the sale of a homestead on foreclosure to satisfy a mortgage. No procedure for the foreclosure thereof is provided in the Constitution. The Legislature is therefore authorized to provide a procedure for the foreclosure thereof. That procedure has been provided, and as a part thereof the Legislature has provided for the appointment of a receiver in an action by a mortgagee for the foreclosure of his mortgage (section 518, supra) under certain circumstances, and has said:

"Second. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed and that the property is probably insufficient to discharge the mortgage debt."

Neither party to this appeal considered or gave any effect to that portion of article 12 of the Constitution appearing at the conclusion thereof and reading as follows:

"The Legislature may change or amend the terms of this article."

This court, in McGaffey v. Mulky, 115 Okla. 44, 241 Pac. 480, in discussing that provision, said:

"The article which created the homestead rights and provides exemptions from forced sale also authorizes the Legislature to amend and change such provisions and conditions. Hamra v. Fitzpatrick, 55 Okla. 780, 154 Pac. 665."

See, also, Armstrong v. Independent Oil & Gas Co., 95 Okla. 231, 219 Pac. 353.

An examination of section 518, supra, discloses that it applies, by its terms, as well to homesteads as to other property. This court is unable to say that the Legislature did not intend it to apply to property constituting a homestead. The defendant contends that that section, being a part of the Territorial law at the time of the adoption of the Constitution, is not applicable after the adoption of the Constitution. That contention fails to give effect to the adoption of the Revised Laws of Oklahoma, 1910, which became effective May 16, 1913, and which contained section 518, supra. That Code has the same effect as one general act of the Legislature containing all the provisions embraced therein, and, having been adopted after the Constitution, must be construed as an amendment of article 12 of the Constitution in so far as its provisions differ from article 12, supra.

In our opinion article 12 of the Constitution is subject to change by the Legislature; that the Legislature has seen fit to provide for a foreclosure of real estate mortgages; that the foreclosure procedure provided applies to a homestead as well as to other property; that that procedure provides for the appointment of a receiver of the property whether or not it constitutes a homestead; that the legislative enactment is valid under the provisions of the Constitution, and that where an application for the appointment of a receiver of real property is supported by evidence in conformity to the provisions of the legislative enactment, the applicant is entitled to the appointment of a receiver therefor without regard to whether or not the property constitutes a homestead.

This court declines to appoint a receiver in this case. The order denying the application for the appointment of a receiver is reversed, and the trial court is directed to appoint a receiver for the property involved in this action.

LESTER, V. C. J., and HUNT, CLARK, RILEY, and HEFNER, JJ., concur. MASON, C. J., and CULLISON, J., absent. SWINDALL, J., dissents. (For dissenting opinion see page 303, infra.)

Note.—See under (2) 13 R. C. L. p. 601. See "Appeal and Error," 3 C. J. §412, p. 576, n. 68. "Mortgages," 42 C. J. § 1681, p. 120, n. 5; §1682, p. 120, n. 12.