252

CROSBY and wife, Plaintiffs and Respondents, vs. KEILMAN and wife, imp., Defendants and Appellants, and POTTERVILLE, Defendant and Respondent.

*November 11—December 8, 1931.*

*Robert H. Gollmar* of Baraboo, for the appellants.

For the respondents there was a brief by *Hill & Miller* for respondents Crosby and *J. W. Frenz* and *W. T. Jenks* for respondent Potterville, all of Baraboo, and oral argument by *Mr. Jenks.*

FOWLER, J. Waste that lessens the security of the mortgage debt authorizes the appointment of a receiver. But it is to be noted that although the affidavits presented support the findings of the trial judge that waste was committed and that such waste reduced the value of the mortgaged premises, there is no finding that it reduced such value in excess of the amount by which the mortgage debts had been reduced. Unless it did so reduce their value it may well be that the premises are better or more nearly adequate security for the debts than they would be had there been no waste and no reduction of the debts. In *Grether v. Nick,* 193 Wis. 503, 213 N. W. 304, 215 N. W. 571, which the respondents ask us now to overrule, it is stated:

"Clearly upon principle and, we believe, upon the weight of authority in jurisdictions where [as in Wisconsin] the legal title to the mortgaged premises remains in the mort-

gagor (note 7 L. R. A. N. s. 1001), there is no warrant or authority for the appointment of a receiver in foreclosure proceedings merely because the security is inadequate or the mortgagor irresponsible. The mortgagee has seen fit to loan money upon the security of the premises. The statutes relating to the foreclosure of mortgages provide the manner in which he may realize from the security upon which he was content to rely. There is no principle which in morals justifies a court in adding to the security which the mortgagee accepted at the time of making the loan. The mortgagee is, however, entitled to have that security preserved, and protected from waste and dissipation."

We see no reason and are not inclined to recede from the position taken in the *Grether Case*. Applying the general doctrine stated in the above quotation to the facts of this case, we are of opinion that upon the findings of the trial court the appointment of the receiver was not justified. It is true that the reduction of the mortgage debt was partly due to application of the chattel security, but so applying it, according to the undenied statement of the defendants, leaves that debt reduced by other payments in the sum of $2,435. If we deduct from this the $240 of interest unpaid on the first-mortgage debt, we still have reduction of the total debts by nearly $2,200. Perhaps some part of this reduction came from proceeds of chattel security, which the cross-complainant claims was dissipated by defendants and defendants claim was sold and the proceeds applied upon the debt pursuant to agreement with him, but the amount of the reduction so made, if any, does not appear. This seems to us to leave small claim to right in equity to oust the defendants from their homestead and cut off the time which the redemption statute allows them to retain possession of their home and farm after entry of judgment of foreclosure.

We are not unmindful that the appointment of a receiver is largely discretionary with the trial judge and that there are statements in the affidavits that may have indicated to him

that some of the acts of the defendants, which it would serve no good purpose to state, were aggravating and vindictive. But it is the mortgage holders, not the defendants, who are appealing to a court of equity for relief, and the function of that court is merely to protect their security as originally procured, which from the findings of the trial court does not appear to have been diminished by acts of the defendants. This is especially true as to the holder of the first mortgage, whose security is apparently ample, and the security of the holder of the second mortgage, if inadequate, is apparently less so than it was originally, apart from the general depreciation of farm values which has occurred since the mortgages in suit were executed, which is common knowledge and for which the defendants are not at all responsible.

As the appointment of a receiver appears to us not warranted by the facts found by the trial judge, it is not necessary to consider whether, if the appointment of a receiver were proper, the court would be justified in including the homestead in the order. But it may appropriately be said that while it is true that a receiver for a homestead may be appointed upon sufficient cause therefor, it is also true that facts which justify the appointment of a receiver for premises not a homestead do not always warrant the appointment of one for a homestead. The hardship to the owner and his family in depriving him of possession of his homestead during the period of redemption may more than offset the slight advantage that possibility of reducing the mortgage debt by renting it would be to the holder of the mortgage and make it appear to the conscience of the court inequitable and oppressive to oust the defendant from it and turn over possession of it to a receiver.

*By the Court.*—The order of the circuit court is reversed.