**ZENITH LIMESTONE CO. et al. v. EXCHANGE TRUST CO.**

No. 22816.     Oct. 16, 1934.

216

Chas. L. Yancey, G. C. Spillers, Henry L. Fist, and E. M. Calkin, for plaintiffs in error.

Chas. E. Bush, A. J. Kriete, and W. D. Calkins, for defendant in error.

PER CURIAM. The plaintiff sued the defendants to recover judgment in the sum of $49,978.21, with interest and attorneys' fees, and for foreclosure of a mortgage, and asked for the appointment of a receiver to take charge of the property pending the final termination of the case. There was a hearing on the application for appointment of a receiver. An order was made appointing the First National Bank & Trust Company of Tulsa, Okla., receiver, and the defendants appealed from this order.

It was alleged in plaintiff's petition that there was danger of the property being removed and materially injured, and the equipment used in the operation of the plant was being permitted to run down, and that the conditions of the mortgage had not been performed, and that the mortgaged property was probably insufficient to discharge the mortgage debt. This, under our statute, is sufficient grounds for the appointment of. a receiver.

Section 773, Okla. Stat. 1931, 518, C. O. S. 1921, says:

"A receiver may be appointed by the Supreme Court, the district or superior court, or any judge of either, or in the absence of said judges from the county, by the county judge. * * *

"Second. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt."

The plaintiff, in support of its allegations, introduced several witnesses, most of whose testimony is either vague and indefinite or is based upon insufficient information. The testimony introduced by defendants, consisting of several witnesses who showed themselves fully cognizant of the value of the property, was overwhelming in fixing that value far beyond the amount of the mortgage debt.

The defendants insist that the cause should be reversed, first, because under the section of our statute above referred to, in order to warrant the appointment of a receiver over mortgaged property in a foreclosure suit, there must be sufficient evidence to meet the statute, regardless of any provision in the mortgage for the appointment of a receiver; second, that the weight of the evidence showed that the property mortgaged is adequate security for the indebtedness.

1. This court has held in a number of cases that the agreement in the mortgage for the appointment of a receiver does not justify the court in appointing a receiver, but there must be evidence sufficient to meet the terms of the statute before the court is justified in appointing a receiver in a foreclosure suit. Western & Southern Life Insurance Co. v. Crook, 144 Okla. 105, 289 P. 728; Jacobs v. Real Estate Mortgage Trust Co., 122 Okla. 1, 249 P. 930.

2. A review of the evidence in this case shows that the overwhelming weight of the evidence was to the effect that the property over which a receiver was appointed was more than adequate to pay the mortgage debt. There was practically no evidence to support the contention that the property was insufficient in value to discharge the debt. There was some evidence that the mortgagors were insolvent. Even if this had been established, this, of itself, was not sufficient to justify the appointment of a receiver. High on Receivers, sec. 667.

The trial court, therefore, committed error in appointing a receiver in this case. Horn v. Lincoln National Life Insurance Co., 120 Okla. 16, 250 P. 74; Dickerson v. First State Bank of Inola, 115 Okla. 239, 242 P. 543.

Having reached the conclusion that the trial court was not justified in appointing a receiver in this cause, we, therefore, conclude that the order appointing a receiver was erroneous, and that the cause should be reversed with a direction that the trial court vacate the order appointing receiver and for such other and further proceedings as may be necessary not inconsistent with this opinion, and it is so ordered.

The Supreme Court acknowledges the aid of Attorneys A. H. Ferguson, D. S. MacDonald, and Don Welch in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Ferguson and approved by Mr. MacDonald and Mr. Welch, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.