## HOME OWNERS' LOAN CORPORATION v. RUSCH et al.

No. 28293. June 14, 1938.

C. E. Hall, O. K. Wetzel, Hardin Ballard, and W. E. Crowe, for plaintiff in error.

Harry C. Kirkendall, for defendants in error.

CORN, J. This appeal grew out of an action to foreclose a mortgage on certain real estate in Enid, which the owners claimed as their homestead. Just prior to the commencement of the action the defendants moved to Wichita, Kan., where they went to obtain employment. The plaintiff, in its petition, asked for the appointment of a receiver, under a provision in the mortgage, to take charge of the property and collect the income and to apply the proceeds under the direction of the court. The receiver was appointed October 5, 1936, and judgment ren-

dered November 30, 1936, and after the expiration of the redemption period, order of sale was issued and the property sold at sheriff's sale to the plaintiff on July 6, 1937, and the sale was confirmed on July 9, 1937.

On June 23, 1937, the defendants filed a motion to require the receiver to pay over to the defendants the sum remaining in the hands of the receiver, and on August 1, 1937, a hearing was had upon said motion, and the court found that the property was the homestead of the defendants, and upon that ground ordered the receiver to disburse said funds to said defendants. From this order the plaintiff appealed.

We must first determine whether as a matter of law the income collected by the receiver from the homestead can be applied on the judgment, or whether the judgment debtors are entitled to receive the same on account of the homestead character of the property.

This is purely a question of law, and the discussion thereof may be limited to a narrow field due to the facts and circumstances of the case existing at the time of the hearing upon the motion. The property already had been sold and a deficiency exceeding the amount of the funds in the hands of the receiver had been determined to exist, thereby eliminating the question of the sufficiency or insufficiency of the security to discharge the mortgage debt, or the existence of any other ground for the appointment of a receiver. With these questions eliminated, we consider the remaining question as to whether the Constitution and the statute authorize the appointment of a receiver.

In Adams v. Swan, 143 Okla. 162, 303, 288 P. 476, this court held:

"The inhibition contained in article 12 of the Constitution against a forced sale of the homestead is relaxed by the proviso therein so as not to prevent a sale of the homestead on foreclosure to satisfy a valid mortgage thereon.

"The Constitution provides no procedure for the foreclosure of a mortgage on a homestead, authorized by article 12 of the Constitution, and the Legislature is authorized to provide a procedure for the foreclosure thereof.

"Section 518, C. O. S. 1921, providing for the appointment of a receiver in an action by a mortgagee for the foreclosure of a mortgage, under the circumstances therein stated, is a valid legislative enactment and is general in its terms. It applies to real estate constituting a homestead, as well as to

other property, and is not in violation of the Constitution."

The judgment is therefore reversed, and the cause remanded, with directions to the trial court that the funds in the hands of the receiver be applied and credited on the judgment of the plaintiff.

BAYLESS, V. C. J., and RILEY, GIBSON, and HURST, JJ., concur. OSBORN, C. J., and WELCH, PHELPS, and DAVISON, JJ., absent.