Zerfas, Administratrix, Appellant, vs. Johnson and others, Respondents.

*October 11—November 14, 1944.*

· The cause was submitted for the appellant on the brief of ·
*Baker, Juliani & Baker* of Kenosha, and for the respondents
on the brief of *Kadwit & Lepp* of Kenosha.

FAIRCHILD, J.    The question presented is whether the trial
court abused its discretion in failing to appoint a receiver.

From the record it appears that none of the principal has
been paid and that respondents are in default in interest in the
sum of $1,089.44.   They had committed waste up to the time
this suit was begun to the extent of $973.74 by failing to pay
taxes and taxes have been accumulating.   For almost six years,
the respondent, Ethel Borggren and her husband, since coming
into possession, have enjoyed.the use of the premises without
paying any sum on either the principal, or the interest, taxes, or
· insurance.   The property involved is assessed at a figure below
the amount of the debt.   The waste committed by the mortga-
gor has lessened the security far below the mortgage debt.

In *Crosby v. Keilman* (1931), 206 Wis. 252, 255, 239 N. W. 431, relied on by respondents, the court overruled an order appointing a receiver of the mortgaged premises including the homestead of the mortgagor. But it there appeared that the facts did not warrant an appointment of the receiver, making it unnecessary to consider whether the appointment of a receiver in case of homestead property would be proper. However, the court said: "But it may appropriately be said that while it is true that a receiver for a homestead may be appointed upon sufficient cause therefor, it is also true that facts which justify the appointment of a receiver for premises not a homestead do not always warrant the appointment of one for a homestead. The hardship to the owner and his family in depriving him of possession of his homestead during the period of redemption may more than offset the slight advantage that possibility of reducing the mortgage debt by renting it would be to the holder of the mortgage."

However, in *Peters v. Bossmann* (1923), 180 Wis. 62, 64, 192 N. W. 465, in reviewing an order providing for a receiver to collect rents and profits including the homestead but allowing mortgagor to remain in residence on the land, the court said: "In principle we can see no distinction between the right of the court to appoint a receiver to sequester the rents and profits in the case of a homestead than as to other mortgaged property. In neither case should the court appoint a receiver unless the facts establish a case which clearly invokes the exercise of the equitable power of the court to grant that relief." The court in the *Crosby v. Keilman Case, supra,* did not rule that homestead property, in the matter of appointment of a receiver therefor, was to be placed in any special category for treatment. Appointment of a receiver in any case rests in the exercise of judicial discretion by the courts who are required to balance the advantages to each

party in reaching a decision. In the case of homestead property, the court has the additional element of hardship to the mortgagor in being deprived of his home to consider. In cases such as *Peters v. Bossmann, supra,* and *Crosby v. Keilman, supra,* where there is property besides the home and residence which may be subjected to receivership, it would no doubt be an abuse of discretion to appoint a receiver over the homestead where it does not appear that some advantage to which the mortgagee is equitably entitled would accrue from including the homestead.

In the present proceeding, it appears that there is no hope for a redemption of the debt by the one in possession, and a denial of the relief asked results in an undue advantage to one who without ability to pay therefor has for a considerable time had, practically free, the use of another's property. The cost of improvements made by the mortgagors, the trial court found "does not equal or anywhere near equal the defaults in payment of interest and taxes." Where the facts show that at the commencement of the foreclosure proceedings as well as later, the property ought not in fairness remain under the control of the debtor but should be placed in the hands of a disinterested person who will prevent a diminution of its value, and prevent further waste and loss by properly conserving the rents, a receiver therefor may properly be appointed. For it then appears that the extraordinary circumstances require the appointment even against a mortgagor in possession.

The trial court recited that it took judicial notice of the housing shortage in Kenosha where the mortgaged premises are located. It was not necessary for appellant to show the fair rental value of the building. It is easily seen that a substantial amount could be realized in renting the property. To allow the respondent, after years of default, to continue living on premises which constitute appellant's security,

the value of which has been greatly diminished by commission of waste, is considered inequitable; when under receivership a sum could be realized which would prevent further loss.

Under the circumstances, in the proper exercise of its discretion, the court below should have granted the motion for the appointment of a receiver.

*By the Court.*—The portion of the judgment appealed from is reversed, and cause remanded with direction to appoint a receiver as prayed for by plaintiff.