STATE ex rel. COM'RS OF THE LAND OFFICE v. TERRY et al.

No. 33075.   April 20, 1948.

*192 P. 2d 1000.*

Lonnie L. Corn, Roy F. Lewis, and Richard A. Jackson, all of Oklahoma City, for plaintiff in error.

Jones & Wesner, of Cordell, for defendant in error.

ARNOLD, J.   The Commissioners of the Land Office instituted an action to foreclose its mortgage on 200 acres of land situated in Washita county. This appeal is from an order and judgment of the district court of that county entered on the 10th day of October, 1946, vacating an order appointing receiver and directing the receiver to pay four-fifths of $480 held by him as cash rental on said 200 acres of land for the year 1946.

The foreclosure action was begun in 1942; a summons was issued to the principal defendant, Alice May Terry, and returned "not found". There was no allegation in the petition of the existence of special circumstances indicating the necessity for the appointment of a receiver to preserve the property and conserve the security; however, the appointment of a receiver was prayed. On July 23, 1942, without service of summons or any other character of notice, the court entered its order appointing a receiver who was thereafter succeeded by the present receiver. Sometime thereafter and long before judgment was entered, the defendant, Terry, obtained knowledge of the appointment of said receiver, and through her counsel made arrangement with the plaintiff through its counsel, to the effect that the receivership would not be extended to the quarter section of land, a part of the 200 acres, constituting the homestead of said defendant, and for the rental of the remaining 40 acres. Judgment was rendered on September 13, 1945, for the sum of $12,263.50 and $600 attorneys fees and costs; order of sale was thereafter issued and sale of the entire tract of land was regularly conducted, the land selling for $11,400 to plaintiff. The sale was confirmed on April 22, 1946. On November 8, 1945, the receiver rented the entire tract of land to one Diffendaffer for the year 1946 and at said time received $500 cash rent; said receiver had theretofore expended the sum of

$20 for his bond. After the sale of the land had been confirmed, the receiver made his final report to which said defendant filed her objection in June, 1946. On the date her objections were filed, the court entered the order herein appealed from allowing the defendant four-fifths of the proceeds in the receiver's hands on the theory that 160 acres of the 200 acres was the defendant's homestead.

Plaintiff contends that the appointment of the receiver was regular and valid and should not have been vacated; that in any event the appointment and action of the receiver was known and acquiesced in by the defendant, and that by reason of her unreasonable delay under the circumstances, the receiver should not have been removed; and that in any event the rental for the year 1946 should have been divided on the basis of length of ownership of plaintiff and defendant, respectively, during the year 1946.

No authority in point is cited by the plaintiff in support of its proposition that the appointment of the receiver without notice or allegation of necessity was authorized, and it is not seriously contended that the appointment was proper. In the absence of allegations sworn to of the existence of special circumstances indicating the necessity of such drastic action in order to preserve the security of plaintiff, the appointment should not have been made without notice. 45 Am. Juris Prud. 81, pp. 90, 91; Pyeatt v. Prudential Life Ins. Co., 38 Okla. 15, 131 P. 914; Rashaw v. Straus Co. et al., 94 Okla. 141, 221 P. 62; Scott v. Price, 103 Okla. 150, 229 P. 618; Home Owners Loan Corp. v. Rusch, 183 Okla. 145, 80 P. 2d 639.

The plaintiff does, however, seriously contend that the defendant had knowledge of the appointment for a long time, made no effort to vacate the order of appointment, but instead recognized the authority of the receiver, and acquiesced in his appointment by dealing with him. It says that the defendant under such circumstances should not be heard to complain. On this theory, and the further assertion that the receiver could not in such manner bind the state, it objected to the testimony of defendant concerning her dealing with counsel for plaintiff and the receiver as to his authority over the homestead portion of the land and the rental of the remaining 40 acres. The trial court let in this character of testimony no doubt on the theory that it was material on the question of whether her inaction constituted unreasonable delay. There is no fixed formula by which delay may be determined to be reasonable or unreasonable. The circumstances in the particular case govern. Conceding for the sake of argument that the receiver and his attorney could not bind the state by their deal with the defendant, since the receiver and defendant acted in accord therewith, the defendant will not be said to have delayed action unreasonably. The action of the receiver in this respect virtually and correctly concedes the fact that a receiver should not have been appointed over the homestead. However this may all be, there is no controversy as to the validity of the rental contract for 1946 or the sufficiency or correctness of the rental paid for the whole tract.

On the question of proper and equitable division of the rental money for the year 1946 in the hands of the receiver, it will be observed from the foregoing facts that the purported receiver made the rental contract with Diffendaffer for the year 1946 and received the cash rent therefor after the entry of the foreclosure judgment. Diffendaffer went upon the land, theretofore and then possessed by the defendant, apparently without objection on her part. The action of the receiver in making the rental deal with Diffendaffer and receiving the rent for 1946 was acquiesced in and confirmed by said defendant. The sale was conducted and

240

confirmed without objection on the part of the defendant, leaving a deficiency in excess of the amount in the hands of the receiver. As far as the single question here presented is concerned, the error of the court in appointing the receiver was harmless. The fund in controversy is now in custodia legis and should, under all the circumstances, be applied on the deficiency judgment. Home Owners Loan Corporation v. Rusch, supra.

Reversed, with directions to apply the money remaining in the hands of the receiver on the deficiency judgment.

RILEY, WELCH, CORN, and GIBSON, JJ., concur. HURST, C.J., DAVISON, V.C.J., and BAYLESS, and LUTTRELL, JJ., dissent.