Eugene T. CONRAD and Naydene J. Conrad,
Plaintiffs in Error,

v.

M. O. MARLAR, Defendant in Error.

No. 39315.

Supreme Court of Oklahoma.

Nov. 14, 1961.

H. Tom Kight, Jr., Claremore, Warren Watkins, Claremore, of counsel, for plaintiffs in error.

John Charles Feagins, Claremore, for defendant in error.

DAVISON, Justice.

This is an appeal by Eugene T. Conrad and Naydene J. Conrad, husband and wife (defendants below), from a judgment on jury verdict in favor of M. O. Marlar (plaintiff below) in an action for personal judgment and foreclosure of a lien for labor performed and material furnished in painting the defendants' homestead residence. The parties will be referred to as they appeared in the lower court.

Plaintiff's petition was in the usual and proper form. There was no controversy as to the property and residence being the homestead of the defendants.

Plaintiff testified he made an oral agreement with both defendants to furnish the paint and apply the same to the house for $170 and that he had painted the house in accordance with the agreement; that when he was not paid he filed a lien upon the property for $170. The lien statement

and a receipt reflecting payment of intangible tax were introduced in evidence.

In support of their defense both defendants testified that plaintiff had or made no agreement with Mrs. Conrad to paint the home and that they both told plaintiff they could not afford to have the painting done. Mrs. Conrad further testified plaintiff's agreement was only with Mr. Conrad. The defendant, Mr. Conrad, admitted that he made the agreement with plaintiff but that it was also understood, in effect, that plaintiff would not be paid until his (Mr. Conrad) financial situation improved. Mr. Conrad testified it had not improved.

No complaint was made as to any procedural irregularity in the preparation or filing of the lien claim.

It was stipulated by the parties that an interrogatory be submitted to the jury as to whether a contract for furnishing labor and material did exist between the plaintiff and both defendants. If the jury answered in the affirmative then it was agreed that judgment be rendered against both defendants.

The court then instructed the jury and defendants made no complaint of any error in the instructions. The jury answered the interrogatory in the affirmative and returned a verdict in favor of plaintiff. At a later hearing the court allowed the plaintiff $150 attorney fee as being reasonable in the lien foreclosure. The trial court rendered a judgment against both defendants for $170 with interest and costs and $150 attorney fee and for foreclosure of lien.

Defendants have perfected an appeal from such judgment.

It is first argued by defendants that the verdict and finding of the jury is not supported by and is contrary to the evidence. Defendants contend the evidence shows that plaintiff's agreement was solely with the defendant, Eugene T. Conrad; that the debt arising from the agreement was an open account; and was not due until some unforeseeable time in the future, when defendant "got on his feet" financially.

Defendants conclude that under such circumstances plaintiff thereby waived or is estopped to assert a lien upon property otherwise subject to a lien for labor and materials. No authority is cited in support of such conclusion.

Without considering the sufficiency of defendants' pleading to support waiver and estoppel or the correctness of such conclusion we are of the opinion that defendants' contention is without merit. From the above testimony and our examination of the entire record it appears that the question of plaintiff's agreement with one or both of the defendants and the terms thereof was thoroughly explored. The verdict of the jury and its affirmative answer to the stipulated interrogatory was a determination in favor of plaintiff of the question of the liability of both defendants and to a judgment against them. There is evidence reasonably tending to support the jury's verdict.

■ It is settled law in this state that this court will not set aside the verdict of a jury where there is any evidence reasonably tending to support the verdict, and the verdict has been approved by the trial court. Newsom v. Medis, 205 Okl. 574, 239 P.2d 784, 786.

■ Defendants next contend that as a matter of law plaintiff is not entitled to a lien on their homestead property. Defendants rely on the Oklahoma Constitution, Art. 12, § 2, and 31 O.S.Supp.1957 § 1, and 31 O.S.1951 § 5, protecting the homestead from forced sale except inter alia for work and material used in constructing improvements thereon. Defendants argue that the paint and the labor of plaintiff in applying the same does not constitute an improvement and that "the lien attempted in the case at bar is one sought for effecting repair and maintenance."

Defendants also state the agreement in order to be a valid basis for a lien must under the provisions of 16 O.S.Supp.1953 § 4, be in writing. This statute requires conveyances and contracts relating to the homestead, with certain exceptions not ap-

plicable here, to be in writing and subscribed by husband and wife.

These contentions of defendants disregard other provisions of the Constitution and statutes. Section 3 of Art. 12 of the Oklahoma Constitution provides in part that "The Legislature may change or amend the terms of this article." Under authority of this provision the legislature enacted 42 O.S.1951 § 141. The pertinent portion thereof states:

"Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, or furnish material for the erection, alteration or repair of any building, improvement or structure thereon * * * shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances. * *"

The cited Section 141 makes no exception as to homesteads. This is not the only instance where the legislature has acted pursuant to the authority granted in Section 3 of Article 12.

In Adams v. Swan, 143 Okl. 162, 288 P. 476, this court upheld the validity of a general statute providing for the appointment of a receiver in mortgage foreclosures. (Comp.St.1921, Sec. 518; 12 O.S.1951 § 1551) as being within the cited constitutional authority and applicable to homesteads.

See also Armstrong v. Independent Oil & Gas Co., 95 Okl. 231, 219 P. 353, and Saak v. Hicks, Okl., 321 P.2d 425, sustaining legislative changes applicable to homesteads, pursuant to the quoted portion of said Art. 12, § 3.

In our opinion statutory enactment providing that any person who, under oral contract with the owner of a tract of land, performs labor, or furnishes material, for the erection, alteration or repair of any building, improvement or structure thereon, shall have a lien upon said tract of land, the buildings and appurtenances, under the circumstances thereon stated, is a valid legislative enactment, and applies to a homestead as well as other property. 42 O.S.1951 § 141; Const. Art. 12.

The case of Rowley v. Varnum, 15 Okl. 612, 84 P. 487, relied on by defendants, holding that the contract for labor and material must be in writing and with both husband and wife, is not applicable. The decision in that case was based on Wilson's Rev. and Ann.St.1903, Sec. 2988, which expressly so provided. That statute has been superseded by 42 O.S.1951 § 141, supra.

Plaintiff urges that the $150 attorney fee allowed by the trial court is inadequate in view of the additional services that his attorney has been required to perform because of defendants' appeal of the lien foreclosure to this court. Upon consideration of the record and the circumstances and questions involved, we are of the opinion that there should be, and there is hereby awarded, an additional attorney fee of $100. The trial court is directed to fix the additional fee in said amount. Parkhill Truck Co. v. Reynolds, Okl., 359 P.2d 1064, 1068.

Affirmed with additional attorney fee as herein directed.